### No. 8053.

### CONRAD GROSS VS. PETER HERMAN.

Where the allegations of neither party disclose that the sum in dispute exceeds one thousand dollars exclusive of interest, the Court will dismiss the appeal *ex proprio motu.*

APPEAL from the Sixth District Court for the Parish of Orleans. *Rightor,* J.

*E. H. McCaleb* for Plaintiff and Appellee.

*John S. Tully* and *F. Michinard* for Defendant and Appellant.

Gross vs. Herman.

The opinion of the Court was delivered by

MANNING, J. The plaintiff sues for the possession of four mules and harness, three floats, three tarpaulins and five skids, and for the annulment of his promise to sell them, and for forty-two dollars and fifty cents as rent. The property was sequestered, and was afterwards delivered to the plaintiff on a bond of eight hundred dollars.

The highest value placed upon the property is three hundred and fifty-five dollars. After the institution of the suit, the defendant tendered the plaintiff three hundred dollars as the full value, and forty dollars for costs.

The promise to sell was on payment of thirteen hundred dollars, and the petition admits the payment of nine hundred and seventy-five, so the amount due at the institution of the suit was much less than the sum warranting an appeal to this Court.

The answer alleges that credit was not given the defendant for twelve hundred dollars paid on account, and that the plaintiff cannot claim the property and the price paid on account. He made no exception to the action for want of tender of the price paid, nor does he pray that the sum paid be decreed to be due him, nor make any demand in reconvention.

Under none of the allegations of either party have we jurisdiction. The plaintiff notices that feature, but does not move to dismiss. We take cognisance of it *ex proprio motu*, and accordingly

The appeal is dismissed.

---

## On Rehearing.

POCHÉ, J. Guided by the wise principle that the benefit of a doubt, in a question involving our jurisdiction over a cause should be given to the right of appeal, we reopened this case with a view to hear the appellant on the question of jurisdiction which he had not argued in his original brief.

A second examination of the pleadings has served to confirm our previous conclusion, that under the issues presented in this case, the real amount in dispute does not exceed one thousand dollars.

Appellant's argument, that the object of the plaintiff in his suit was to cancel and rescind a promise to sell for a consideration of thirteen hundred dollars, is not sustained by the record.

Plaintiff distinctly avers, that of the movable effects which he placed in the possession of defendant under a promise to sell, all had been sold or otherwise disposed of by defendant, with the exception of four mules and harness, three floats, etc., of the alleged value of three hundred and fifty-five dollars, and hence, he prayed to be restored to the

possession of these enumerated movable effects, and his prayer for the cancellation of his original contract could and did refer only to those effects.

This issue was met by the defendant in a general denial, followed by an averment that he had not been credited with the full amount paid on account of the original agreement.

Hence, no judgment could be rendered under the pleadings which could affect either party in a sum exceeding three hundred and fifty-five dollars, and the additional sum of forty-two dollars claimed for rent.

Our previous decree must, therefore, remain undisturbed.