NOVEMBER TERM, 1889. 113

The Central Union Telephone Company v. The State, ex rel. Hopper et al.

123 113
124 600

No. 14,069.

## THE CENTRAL UNION TELEPHONE COMPANY v. THE STATE, EX REL. HOPPER ET AL.

TELEPHONE COMPANY.—*Telephonic Service.*—*Mandate.*—Under the laws of this State, telephone companies may be compelled by mandate to furnish telephones, with the necessary connections, to any one desiring them; and it is no defence to say that the person, or corporation, engaged in furnishing telephonic service does not rent telephones, but furnishes such service by means of public stations only. Following *Central Union Telephone Co.* v. *State, ex rel.*, 118 Ind. 194.

From the La Porte Circuit Court.

*A. A. Thomas* and *J. H. Baker*, for appellant.

*J. H. Bradley, J. A. Thornton* and *J. H. Orr*, for appellees.

COFFEY, J.—This was a suit by the relators against appellant for the purpose of compelling the appellant to furnish relators the use of telephones.

The complaint alleges, substantially, that the appellant is a corporation, duly organized, and doing business under the laws of this State as a common carrier of telephonic messages in Michigan City, and has done business therein for the period of four years last past, during all of which time it has kept and now does keep, and maintain, in said city a telephone exchange for the use and benefit of the public, and individuals therein, leases telephonic machines or instruments, grants telephonic facilities, including needful and necessary connections that subscribers and others may reasonably require and demand; that relators are residents of Michigan City, in said county, engaged in the wholesale and retail lumber business, and managing a planing mill in connection therewith, and that until about July 1, 1887, the ap-

pellant had leased them instruments, granted them telephone facilities and connections at their mill, and one at their office, since, and during the time said appellant had established its business in said city, the relators complying with all conditions imposed upon them; that about the 1st day of July, 1887, the appellant, without cause, and against the protest of the relators, removed the said instruments from the mill and office of the relators, severed all telephone connections, and refused to allow or grant them any telephonic service, though appellant did then maintain, and ever since has maintained and kept, a telephone exchange in Michigan City, leased instruments, and furnishes telephonic facilities for the public and individuals; that about July 14, 1887, the relators demanded of the appellant, which was then and there organized, existing and doing business as a carrier as aforesaid, the use, possession, and enjoyment of two telephones, one at their office and one at their mill, in said city, and necessary connection with other subscribers and firms therein, and offered then and there to pay the appellant as rent, or for the use of the same, the sum fixed by law, to wit: two and $\frac{50}{100}$ dollars per month for each instrument, which demand and offer the appellant refused to accept or comply with, and refused said telephones and telephonic service, and still refuses the same; that the use of telephonic service to the relators in their business is of great value, as well as convenience, and they are without power to compel the appellant to grant them the telephone facilities they need, and which it is the duty of appellant to give the relators; and that the injury and damage to them, caused by the neglect and refusal of the appellant to perform its duties and obligations can not be estimated so as to give any exact amount, or lay the foundation for a suit at law for damages. The complaint prays that the appellant be compelled, by mandate, to furnish relators the required telephonic service.

The court overruled a demurrer to the petition and alternative writ of mandate, and appellant excepted.

The appellant answered, denying that it was a common carrier, but admitting that its business was in some respects of the nature of a common carrier, and that it was a *quasi* public corporation, carrying on a telephone business in the said city, and so bound to furnish, under such reasonable rules and regulations as it might establish, telephone service to all persons impartially, and without discrimination so far as is practicable, but denying that it is bound to *rent* telephones at all, or as demanded by the relators, or for any fixed monthly rental, or for the exclusive use of any one; that it has not, since the 30th day of June, 1887, done so, nor does it now do so to any person in Michigan City; that after long trial and full experiment it found it could not rent telephones, with exchange service, at the price fixed by statute therefor, and for the compensation so received pay the expenses of so doing, and the royalties on the patents required therefor, and necessary repairs and renewals, and make any reasonable return on the capital invested in such attempts, and that it duly notified all of its subscribers in Michigan City that on and after June 30, 1887, it would not attempt longer to do so, but would, on and after said date, close its exchange and cease business in said city unless a sufficient number of citizens therein should desire telephonic service without any rental of instruments, and by means and use of a central toll station connected with local toll stations alone, whereat all practicable telephone connections might be furnished by appellant, and had and enjoyed by all persons without partiality or discrimination, on payment of a toll charge, or payment for each communication; that under said system coupons, or a number of tickets, would be sold for a greatly reduced price, which tickets should be good only if used within a limited time, and were good for use not on any particular instrument, but on all telephones connected with said exchange, or any other of the many exchanges of the appellant in adjoining cities, or in said State of Indiana; that under said system telephones for such toll stations are

established at such desirable points as the company may select, where responsible parties are found to act as agents of appellant in said business, under contracts of agency ; that where such stations are not found to be sufficiently profitable they are to be discontinued ; but that in establishing the same appellant requires that such coupon tickets, good, as aforesaid, shall be purchased through the agent, in order to have assurance that such station will have business enough to justify maintaining it ; that all said persons mentioned in said complaint as having in Michigan City telephone instruments in their possession, have them as agents of the appellant, under said system and contracts, and in no other way ; that since the 30th day of June, 1887, the telephone business of appellant has been and is conducted under said system, and in no other way ; that appellant offered to establish such toll stations upon relator's said premises, to be operated and carried on the same as others, but relators refused the same, or to sign said contract therefor.

To this answer the court sustained a demurrer, and the appellant failing to answer further, the relators had judgment.

The assignment of error calls in question the rulings of the circuit court, as above set out.

The case of *Central Union Telephone Co.* v. *State, ex rel.*, 118 Ind. 194, and authorities there cited, is decisive of the case now before us. In that case it was held that under the laws of this State a person desiring the kind of telephonic service here required could compel, by mandate, the furnishing of such service; and that it was no defence to say that the person, or corporation, engaged in furnishing telephonic service did not rent telephones, but furnished such service by means of public stations only.

Judgment affirmed.

Filed April 2, 1890.