Torres et al., Demandantes y Apelantes, *v.* Plazuela Sugar Company, Demandada y Apelada.

## Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre acción negatoria de servidumbre.

### No. 1433.—Resuelto en julio 28, 1916.

Servidumbre de Paso—Servidumbres no Aparentes y Discontinuas—Título Escrito—Vías de Ferrocarriles—Servidumbre Aparente.—De acuerdo con los artículos 546 y 547 del Código Civil, el derecho de una servidumbre de paso no aparente y discontinua sólo puede ser adquirido mediante título escrito, pero si debido a la colocación de vías de un ferrocarril sobre el terreno la servidumbre se convierte en aparente, es dudoso si sería necesario el documento escrito. En ambos casos siempre debe probarse título de alguna clase.

Id.—Causa Legal o Consideración—Beneficios—Consentimiento—Dominio.— Cuando no ha habido causa legal o consideración para la existencia de una servidumbre de paso, ni el dueño del predio sirviente ha obtenido beneficio alguno, aun cuando haya prestado su consentimiento para ello, tal consentimiento no significa que haya renunciado para siempre su completo dominio.

Id.—Negatoria de Servidumbre—Consentimiento—Regla del Artículo 446 del Código Civil.—Cuando en una acción para que se declare que no existe una servidumbre de paso y para que se abstenga la demandada, una corporación privada, de transitar sus trenes y para que levante las vías colocadas sobre el terreno, sólo aparece que el demandante prestó su consentimiento para ello, el caso quizás deba regularse por el artículo 446 del Código Civil.

Negatoria de Servidumbre—Corporaciones de Servicio Público—Corporaciones Privadas—Servidumbre de Paso—Ferrocarriles—Impedimento en Equidad.—En este caso la demandada no es una corporación de servicio público sino privada, dedicada a la elaboración de azúcar de caña, que por espacio de algunos años estuvo utilizando unas fajas de terreno de los demandantes sobre los cuales estableció una vía de ferrocarril particular para transportar sus cañas en y de dicha factoría, y habiéndose levantado la teoría del impedimento en equidad (*equitable estoppel*) para justificar la existencia de un contrato que terminaba o empezaba, o los principios de negociaciones semejantes a las de la expropiación forzosa, *se resolvió:* que no siendo la corporación demandada una de servicio público, y no habiendo mediado ninguna compensación, no era de aplicación la regla de equidad citada, sino los preceptos del Código Civil vigente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Agrait Aldea.*

Abogados de la apelada: *Sres. Cayetano Coll Cuchí* y *Roberto H. Todd, Jr.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los demandantes son los dueños de tres fincas rústicas

radicadas en el Distrito Judicial de Arecibo. Presentaron éstos su demanda contra la Plazuela Sugar Company el día 27 de enero de 1915, acción algo semejante en su naturaleza al remedio del *injunction* para que se declare que no existe ninguna servidumbre, se ordene a la demandada que se abstenga de transitar sus trenes y se levanten ciertas vías de ferrocarril que la demandada había colocado en los terrenos de dichos demandantes.

La demandada es una corporación privada que tiene una factoría de fabricar azúcar, y no se alega o demuestra que es dueña o dirige un ferrocarril público, o que el ferrocarril que ha establecido en los terrenos de los demandantes es un ferrocarril de servicio público. Dicho ferrocarril, sin embargo, en realidad se ocupa en transportar la caña de la factoría de azúcar y trae cañas de las diferentes fincas a la factoría de la central. Las vías se colocaron en la finca en el año 1907 o 1908.

Los demandantes probaron en el juicio sus títulos y con esto concluyó toda su prueba original. La demandada alegó varias defensas y la corte dictó sentencia a su favor.

La corte en su opinión declaró probado que los demandantes en 1907 ó 1908, concedieron y autorizaron a la demandada para que colocara sus vías sobre los terrenos en cuestión y que ellos mismos indicaron el curso que debía tomar la vía; que después de hecho el primer trazado, fué variado éste a instancias de los demandantes viéndolo y consintiéndolo sin protesta ni oposición alguna; y que durante todo el tiempo que ha estado allí la vía, los demandantes jamás han manifestado que no deben seguir funcionando los trenes, ni que las vías deban ser levantadas, ni siquiera presentado ninguna reclamación de dinero por daños y perjuicios ni solicitado que se formalice algún convenio verbal.

Hay alguna duda prespecto a la naturaleza de la servidumbre en este caso. Generalmente una servidumbre de paso es una servidumbre no aparente y discontinua. Si esto es así los apelantes están en lo correcto en alegar que de acuerdo

con los artículos 546 y 547 del Código Civil tal derecho sólo puede ser adquirido mediante título escrito. Por el contrario si debido a la colocación de la vía sobre el terreno la servidumbre se convierte en aparente, entonces puede haber gran duda de si es necesario el documento escrito. Scaevola, Tomo X, página 238. De todos modos era necesario para la apelada probar un título de alguna clase. Discutiremos brevemente si el apelado, dejando a un lado todo principio de *estoppel,* adquirió un título en este caso.

Convenimos con los apelantes en que no se demostró ninguna consideración o "causa" en este caso. Los apelantes no obtuvieron beneficio de ninguna clase que pudiera considerarse como una causa legal o consideración. En realidad de verdad la prueba mostró y la tendencia de una servidumbre es siempre la de perjudicar al predio sirviente. El apelado, sin embargo, alega que ha sufrido perjuicios y ha tenido que incurrir en gastos con motivo de los actos de los demandantes, y ofrecieron prueba para demostrar que si los demandantes hubieran negado el permiso para entrar en la finca, la demandada no hubiera colocado sus vías por dichos terrenos; pero la prueba presentada por el apelado demuestra por sí que la demandada buscó a los demandantes y les pidió permiso para colocar las vías sobre los terrenos. La corte declaró probado que los demandantes dieron su consentimiento y aunque creemos que la prueba en lo que respecta al consentimiento del principal demandante, el marido, es más bien algo floja y no satisfactoria para fundar en ella un título, supondremos, sin embargo, con la corte inferior que fué prestado dicho consentimiento. ¿Significaría ese consentimiento que los demandantes habían renunciado para siempre su completo dominio del terreno por el que cruza el ferrocarril? La contestación parece encontrarse en el artículo 446 del Código Civil:

"Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión."

Pero aparte de este artículo no podemos ver que el daño o perjuicio se originó de algo que no fuera del propio acto de la demandada y de su pretensión y que el perjuicio que ha sufrido se debió a su mismo acto, y no era de la clase de actos en que una parte sufre perjuicios debido al ofrecimiento que le hace otra persona.

La demandada ha citado copiosa jurisprudencia para demostrar que los demandantes en equidad no pueden volver sobre sus actos (*equitable estoppel*), cuestión que luego discutiremos. La necesidad en que se han encontrado las cortes de tener que invocar el principio de existir un impedimento en equidad (*equitable estoppel*) en contra de los dueños de fincas para ayudar a las corporaciones de servicio público que han extendido sus vías sobre terrenos sin que exista un claro contrato o entendimiento con el dueño, demuestra que ningún derecho o título surgió de otro modo. Se acude al *estoppel* en último recurso. Es la excepción para probar la regla de un derecho o título basado en el concurso de voluntades de los individuos en particular que están interesados. Semejante título no surgió en este caso y por tanto, la corte no podía declararlo.

También el demandado sostuvo la teoría de existir un impedimento en equidad (*equitable estoppel*), y citó un número de casos para sostener su alegación. No hemos podido encontrar varios de los casos citados pero debido a las citas que aparecen en el alegato, no tenemos dificultad alguna en seguir la tendencia de todos ellos. En la gran mayoría de estos casos de *estoppel,* o el demandante ha entrado en negociaciones con el demandado, o recibido parte de cierta compensación que ha sido convenida, u otra cosa parecida, de donde la corte o podía ver los elementos de un contrato terminado o que empieza, o los principios de negociaciones semejantes al derecho de expropiación forzosa. *Mitchell* v. *New Orleans, etc., R. R. Co.,* 41 La. Ann. 363; *Scarrit* v. *Kansas City Ry. Co.,* 127 Mo. 298; *Evansville, etc., R. R. Co.* v. *Nye,* 123 Ind. 113; *Pryzbylowiez* v. *Missouri River R. Co.,* 17 Fed.

Rep. 492; *Paterson N. & N. Y. R. R. Co.* v. *Kamlah*, 42 N. J. Eq. 93. En todos estos casos el demandado era una corporación de ferrocarril público y el público en general puede suponerse que ha adquirido algunos derechos. El caso más fuerte que cita la demandada es el de *Mitchell* v. *New Orleans R. R. Co.*, 41 La. Ann. 363, pero también en ese caso la demandada era una corporación pública y la corte consideró que el público había adquirido algunos derechos y en el mismo caso se le concedió una compensación al demandante. La idea de la compensación y los derechos del público se observa en todos estos casos y en otros. *Hendrix* v. *Southern Ry. Co.*, 130 Ala. 205, 89 Am. St. Rep. 27. Las notas al caso de *Goodwin* v. *Cincinnati, etc., Canal Co.*, 98 Am. Dec. 102; *Davis* v. *Davis*, 26 Cal. 23, 85 Am. Dec. 157 y notas al mismo; 10 R. C. L. 784. En este caso la demandada es una corporación privada y no existe prueba de que jamás entró en negociaciones para la adquisición del terreno o una servidumbre por virtud de las mismas. La doctrina de un impedimento en equidad (*equitable estoppel*) es muy sana en un caso adecuado, pero no ha de dársele ligeramente mayor alcance ante el claro precepto del Código Civil. Conocemos los casos en los cuales parece que las cortes han permitido a un demandado dar una indemnización al establecerse una acción y adquirir de ese modo un título, pero el demandado en estos casos siempre ha sido una corporación de servicio público. También es un hecho que la demandada ha tenido el uso de los terrenos ocupados por espacio de siete u ocho años sin pagar ninguna compensación y no consta en ninguna parte de sus alegatos que ofreció hacer tal compensación. Las cortes siempre han reservado la compensación, o la han concedido, aun cuando hayan intervenido los derechos del público. La condición de la ley debió haber sido conocida de la demandada y debió ésta haber hecho algún arreglo válido con el demandante Torres, o con alguna persona debidamente autorizada por él. De otro modo la naturaleza de su posesión era precaria.

La sentencia debe ser revocada y ordenarse a la demandada que no continúe funcionado sus trenes por los terrenos de los demandantes y que levante sus vías.

> *Revocada la sentencia apelada y dictada otra declarando con lugar la demanda sin especial condenación de costas, desembolsos y honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.