TERESA ALMODOVAR CORTÉS, por sí y como tutora de Victoria Almodovar Cortés; JOSÉ RENTA ALMODOVAR, por sí y como tutor de María y Santos María Ortiz Almodovar; OLIMPIA ORTIZ Y ALMODOVAR y ADELA DIEU Y ALMODOVAR, demandantes y apelantes, *v.* RUSSELL & Co., S. EN C., demandada y apelada.

No. 2992.—*Visto:* Junio 29, 1923. *Resuelto:* Abril 3, 1925.

1. INJUNCTION—NATURALEZA Y FUNDAMENTOS EN GENERAL—FUNDAMENTOS DEL REMEDIO—DAÑOS IRREPARABLES AL DEMANDANTE.—El privar permanentemente a un dueño de una propiedad del uso y beneficio de su finca, sin su consentimiento y contra su voluntad, es un daño irreparable.

2 PERMISOS (*Licenses*)—PERMISOS CON RESPECTO A PROPIEDAD INMUEBLE—REVO-
CACIÓN DEL PERMISO—ESTOPPEL.—Una persona que haya consentido a una
concesión verbal que otorgó su causante, revocable a gusto y en la que no
se fijó tiempo ni hubo consideración alguna, no está impedida de revocarla
por haber ejercido y abandonado un privilegio que le otorgó su concesionario
o porque éste empleó, de buena fe, una suma nominal como inversión, cuando
la revocación puede hacerse sin perjuicio del concesionario.

3. INJUNCTION—NATURALEZA Y FUNDAMENTOS EN GENERAL—FUNDAMENTOS DEL
REMEDIO—PERJUICIOS QUE SUFRE EL DEMANDANO.—No sufre perjuicios un
concesionario a quien se le revoca una concesión verbal que ha disfrutado
durante años, cuando la misma no coloca a aquél en condición peor que
aquella que tenía primitivamente.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), desestimando demanda
de *injunction*, sin costas. *Revocada y declarada con lugar la de-
manda, sin costas.*

*Gustavo Rodríguez*, abogado de los apelantes; *F. Manuel Toro*, abo-
gado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte inferior después de celebrar un juicio sobre los
méritos desestimó la demanda de *injunction* para que se des-
truyeran los muros de mampostería que tienen colocados los
apelados en la finca de los peticionarios.

La relación del caso y opinión del juez sentenciador con-
tiene los siguientes hechos y conclusiones:

"Del resultado de la evidencia ofrecida aparece que en el año
1912 Don José La O Almodóvar, que era el causante de los deman-
dantes o sea padre y abuelo respectivamente de los peticionarios,
consintió que la Fortuna Estate, antecesora de la hoy demandada
Russell y Ca., S. en C., levantara un muro de contención en sus
terrenos y al margen de la quebrada 'Punta de Zuela' para que la
demandada contuviera las aguas de dicha quebrada y acumulara las
sobrantes de su regadío a fin de almacenarlas para disponer de ellas
para el riego de sus tierras. Que después del fallecimiento de Don
José La O. Almodovar que tuvo lugar el día 13 de enero digo fe-
brero de 1917, sus herederos o sean sus causantes consintieron en
la continuación de dichos muros hasta el día 19 de diciembre de
1921, en que interpusieron esta su demanda.

"Se ha probado que la demandada ha incurrido en grandes gas-
tos para construir dicho muro contando con las aguas almacenadas
aumentó su cultivo de cañas hasta 250 cuerdas adicionales las que

no podría cultivar si no fuesen susceptibles de regadío por dichas aguas almacenadas.

"Los demandantes no alegan en su demanda de una manera clara y terminante que la continuación de dicho muro para retener las aguas de la quebrada 'Punta de Zuela' les ocasionaría perjuicio irreparable. En toda solicitud de *injunction* es un requisito de ley hacer dicha alegación. *Suc. Iglesias* v. *Bolívar,* 11 D.P.R. 572.

"Los demandantes han consentido que la demandada disfrute del uso de los terrenos de la demandante, inundandos por las filtraciones de las aguas contenidas por dicho muro desde el año 1912, hasta la interposición de la demanda y el decretar un *injunction* en estas condiciones sería de gran perjuicio para la parte demandada.

"Los daños que realmente sufren los demandantes pueden ser compensados por medio de indemnización, en el pleito correspondiente."

La prueba aducida al juicio demuestra que de tiempo en tiempo perecía el ganado perteneciente a los peticionarios en los pajales adyacentes al muro en cuestión o cuando se descubría a tiempo de ser librado se extraía de allí con gran dificultad y que los peticionarios quedaron privados del uso y cultivo de una parte de su finca. Acerca de este punto no existe conflicto alguno.

[1] Privar permanentemente a un dueño de una propiedad del uso y beneficio de su finca, sin su consentimiento y contra su voluntad es, a nuestro juicio, un daño irreparable, prescindiendo del valor intrínseco de la propiedad envuelta.

[2, 3] Ni tampoco encontramos en la prueba nada que sostenga la conclusión de que los demandados o sus causantes gastaron fuertes sumas de dinero en la construcción del muro de retención. Por otra parte parece haber sido una adición relativamente insignificante a un abrevadero que ya existía, el cual, como fué originalmente construido, no está envuelto en la presente controversia; y no hay nada en la prueba en cuanto al costo del muro. Un testigo de los demandados, el administrador que construyó el muro, dice que primeramente era de unas doce pulgadas de altura y

resultó ser demasiado corto, que entonces la altura y longitud fueron aumentadas ligeramente.

La prueba de los demandados tendió a acreditar que de ser removido el muro el agua suministrada por el depósito, al ser reducida así a sus dimensiones originales, no sería bastante para regar más de una mitad de 250 ó 300 cuerdas de caña sembradas después de las mejoras que se hicieron en el año 1912. No demuestra que los demandados no podrían guardar en otro sitio, o de algún otro modo, el agua necesitada para este objeto.

De todos modos los demandados, por más de una década, han obtenido los beneficios de la concesión verbal obtenida del causante de los peticionarios; y, de dárseles un tiempo razonable dentro del cual puedan cosechar la caña que está ahora creciendo en la cabida adicional, no sufrirán pérdida alguna de la cual puedan justamente quejarse.

De ser cierta la prueba de los peticionarios, establece una estipulación expresa de José La O. Almodovar al efecto de que el permiso era revocable a su gusto. El administrador que entonces lo era de la hacienda "Fortuna" manifestó que no se fijó ningún tiempo. En uno u otro caso no se hizo mención de consideración alguna ni al parecer la cuestión referente a la consideración la tuvieron presente las partes al hacer el convenio, el cual a no ser que posteriormente quedara convertido en algo más substancial creó a lo sumo una mera tenencia con permiso del dueño (tenancy at will).

Parece que algunos años después, durante un período de sequía, se permitió a la persona que dió el consentimiento (licensor) pastar su ganado en una pequeña finca perteneciente a los demandados. Y que este ganado abrevaba en un canal que se dice pertenecía a la Guánica Centrale en un sitio fuera de los límites de la finca de los demandados.

A la muerte de José La O. Almodovar, los peticionarios

entregaron la posesión de la finca usada·para pasto como se ha indicado y pidieron que se destruyera el muro. Los demandados se negaron a cumplir con este requerimiento y a los peticionarios no les quedó otro remedio que acudir a las cortes.

No se pretende que el privilegio de pastar o abrevar ganado en el abrevadero de los demandados, admitiendo en pro del argumento que el canal era poseído por los demandados, tenía la condición permanente o irrevocable. Dentro de las circunstancias nos vemos obligados a declarar que el presente caso no cae dentro de la doctrina de los casos de California que han sido citados por el apelado, ni en la de *Gaztambide et al.* v. *Guánica,* 26 D.P.R. 795, sino más bien en la que informa los casos de *Torres et al.* v. *Plazuela Sugar Co.,* 24 D.P.R. 479 y *Colón* v. *Plazuela Sugar Co.,* 31 D.P.R. 314.

Decir que una persona que concede un permiso está impedida de poder revocar una licencia verbal gratuita simplemente porque por algún tiempo después de tal concesión ella ha ejercido y luego abandonado un privilegio o concesión igualmente irrevocable que le ha proporcionado su concesionario, o porque tal concesionario ha empleado de buena fe una suma nominal como inversión de la cual él ha obtenido pingues beneficios durante un período de muchos años, cuando dicha revocación puede hacerse de tal modo que no coloque al concesionario en ninguna condición peor con respecto a las futuras ganancias que aquella que tenía primitivamente,—no está de acuerdo con nuestras ideas de lógica, de equidad o de justicia sustancial.

*Debe revocarse la sentencia apelada.*

El Juez Asociado Señor Wolf no intervino en la vista de este caso.