DOLORES CORDERO CARRETE, demandante y apelada, *v.* JUAN LASTRA CHARRIEZ y EL MUNICIPIO DE CAGUAS, demandados y apelante el primero.

No. 3782.—*Sometido:* Noviembre 16, 1927. *Resuelto:* Mayo 24, 1929.

*Luis Llorens Torres* y *Alfonso Lastra Charriez,* abogados del apelante; *González Fagundo & González Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por el demandado contra sentencia que lo condenó a tapiar ciertas ventanas

con vistas rectas a la casa de la apelada, a destruir un balcón y a quitar un voladizo y un tubo de desagüe; y para que la revoquemos señala el apelante tres motivos de error de la corte inferior, siendo el primero por haber declarado sin lugar la excepción previa aducida contra la demanda que fundó en no aducir hechos determinantes de causa de acción porque en esa alegación no se consigna la distancia a que se encuentra la casa del apelante de la que pertenece a la apelada, lo que estima necesario de acuerdo con el artículo 589 del Código Civil preceptivo de que no se pueden abrir ventanas con vistas rectas ni balcones ni otros voladizos semejantes sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construya y dicha propiedad.

■ No existe tal defecto en la demanda porque en ella se alega que el demandado ha construido su casa de dos plantas en la misma línea de la colindancia de su solar con la finca de la demandante, y, por tanto, sin haber dejado dos metros sin fabricar entre su casa y el solar de la demandante. No es la distancia entre los edificios la que exige dicha ley sino dos metros entre la pared en que se construyan los huecos y la colindancia de la propiedad contigua, pues el objeto es evitar la inspección de la finca del colindante a menos de los dos metros fijados por el código.

■ Es el segundo motivo del recurso por haber sido declarada con lugar la demanda.

Resulta de la prueba que a principio del año 1924 construyó el demandado-apelante un edificio de dos plantas, habiendo levantado la pared contigua con la finca de la apelada en la misma línea divisoria de los solares de ambas partes, teniendo dicha pared varias ventanas, un balcón, un voladizo y un tubo de desagüe: que siendo la madre de la demandante dueña de la finca colindante, que es ahora de la apelada, en la que existe una casa, suscribió a favor del apelante el documento privado que dice así: "Por la presente concedo permiso al Dr. Juan Lastra Chárriez para poder

obtener luz y aire en su propiedad, por la parte oeste de mi propiedad y este del Sr. Lastra y en la cual existe un callejón de tres metros aproximadamente de ancho. Por lo que libro la presente, en Caguas, a 26 de febrero, 1924. Elisa C. Vda. de Cordero. Dr. J. Lastra Charriez'': que para obtener ese permiso el apelante, según él declaró, dijo a la dueña entonces que la Sanidad le exigía un permiso escrito de ella concediéndole que pudiera abrir ventanas pues de otro modo no lo dejaban fabricar, y que entonces ella voluntariamente ordenó a su hija que fuese a la maquinilla e hiciese el escrito, que firmó: que en septiembre de 1924 la demandante compró la casa a su madre y su adquisición fué inscrita en el registro de la propiedad, del que no aparece gravada con servidumbre alguna a favor de la propiedad del apelante: que el demandado y su testigo Justo Casablanca declararon que el expresado permiso fué escrito en maquinilla por la demandante, pero la madre de ella y otra hija llamada Carmen manifestaron en el juicio en sus declaraciones que no fué la demandante Dolores Cordero Carrete la que escribió tal permiso en maquinilla, porque no sabe escribir en maquinilla y porque en esa fecha estaba pasando una temporada fuera de la casa, sino que fué la hija Carmen, que es taquígrafa, la que lo escribió.

Desde luego que el apelante no tiene derecho a que su propiedad tenga luces y vistas sobre la de la apelada a distancia menor de dos metros de la línea divisoria entre ambas, a menos que haya adquirido ese derecho por prescripción de veinte años, que no se alega ni existe en este caso, o por título, por ser continuas y aparentes las que son objeto de este pleito. Por consiguiente, veamos si existe un título constitutivo de tales servidumbres a favor del apelante y en contra de la apelada.

El título de servidumbre es el acto jurídico que las crea, o sea el contrato por el cual se constituye la servidumbre, que como todo contrato necesita reunir los tres requisitos de consentimiento, objeto y causa de obligar. Sentado esto,

veamos si falta alguno de esos requisitos en el permiso en que funda su defensa el apelante.

Basta la lectura del documento en que se alega fueron constituidas las servidumbres para ver que en él no se expresa causa para que la dueña entonces de la casa que es ahora de la apelada obligara y sometiera su finca al derecho real de servidumbre a favor de la finca del apelante; y si bien el artículo 1244 del Código Civil dispone que aunque la causa no se exprese en el contrato se presume que existe y es lícita mientras el deudor no pruebe lo contrario, presunción *juris tantum* que también establece el artículo 102, No. 38, de la Ley de Evidencia, entendemos que de la declaración prestada por el apelante en el juicio resulta que para la obligación constante en el documento que comentarios no existió precio, remuneración o compensación para la dueña entonces de la finca que había de soportar la servidumbre a favor de la propiedad del apelante, pues dijo el apelante que al manifestar a la madre de la demandante que la Sanidad no le dejaba fabricar si no tenía permiso de ella concediéndole que pudiera abrir ventanas, ella voluntariamente, lo que puede entenderse como sin compensación, consintió en otorgar el permiso. Si a ello se agrega que en ese documento no se concede el derecho de luces y vistas al apelante a perpetuidad ni por tiempo determinado por lo que es un mero permiso revocable a voluntad de quien lo otorgó y de quien le sucedió en el dominio de la cosa, según hemos declarado en el caso de *Torres* v. *Plazuela*, 24 D.P.R. 479, donde resolvimos lo siguiente: "Cuando no ha habido causa legal o consideración para la existencia de una servidumbre de paso, ni el dueño del predio sirviente ha obtenido beneficio alguno, aun cuando haya prestado su consentimiento para ello, tal consentimiento no significa que haya renunciado para siempre su completo dominio." Esa doctrina fué ratificada en el caso de *Colón* v. *Plazuela Sugar Co.*, 31 D.P.R. 314, cuyo *syllabus* dice: "Un mero permiso verbal otorgado por el dueño de una finca a los representan-

tes de una central azucarera para que ésta tienda sobre las tierras de la finca las vías de un ferrocarril privado destinado a la conducción de cañas dulces, sin que mediara precio, ni se fijara tiempo, ni se establecieran condiciones, no es bastante para concluir que quedó constituida a favor de la central una servidumbre permanente de vía sobre la finca en cuestión." Igual regla ha sido aplicada en el caso de *Almodóvar* v. *Russell & Co.*, 34 D.P.R. 94. El caso de *Gaztambide* v. *Guánica Centrale*, 26 D.P.R. 795, que el apelante cita en apoyo de su recurso no es de aplicación al presente caso porque en él hubo compensación a cambio del permiso concedido para la servidumbre, mientras que en el caso presente no hay compensación o remuneración y por consiguiente no tiene causa de obligar.

Aun en el supuesto de que ese documento tuviera causa de obligar y fuese constitutivo de título de servidumbre, no podría perjudicar a la apelada porque ni está inscrito en el Registro de la Propiedad, si es que podía inscribirse ya que consta en documento privado, ni se ha probado preponderantemente que la actual dueña compró conociendo la existencia de tal servidumbre.

El último motivo de error es por no haber sido declarada con lugar la reconvención del demandado, fundada en que el establecimiento de este pleito le ha causado gastos y perjuicios por viajes, empleo de abogado y ausencia de su oficina; pero ese alegado error no fué argumentado por el apelante, limitándose a decir que su reconvención fué probada con su declaración; pero puesto que la corte inferior declaró que él no tenía derecho a la servidumbre que estaba utilizando, no tiene tampoco derecho a cobrar tales gastos y perjuicios.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con la sentencia. El Juez Asociado Sr. Texidor no intervino.