Domingo Román Reyes et al., Plaintiffs and Appellants, *v.* Plazuela Sugar Co., Defendant and Appellee; and Manuel M. Martínez, Intervener and Appellee.

No. 5437.   Argued April 23, 1931.—Decided November 22, 1932.

*L. Mercader* for appellants.   *A. Zeno Sama* for defendant-appellee. *A. Lens Cuena* and *F. M. Susoni* for intervener.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiffs are the owners of an undivided interest in a parcel of land across which defendant operates a private railroad used for the purpose of hauling cane to its sugar mill. They brought this action to establish the nonexistence of a servitude and to compel the removal of defendant's track.

---

[*] Note: See Preface of this volume.

The district court held that defendant had acquired an easement by prescription. Whether or not an easement of the sort claimed by defendant can be acquired by prescription is an interesting question. It need not be decided now. See, however, *Torres v. Falgorust*, 35 La. Ann. 497; *Torres v. Plazuela Sugar Co.*, 24 P.R.R. 451; 2 Morell, *Legislación Hipotecaria*, 666; 10 Scaevola, *Comentarios al Código Civil*, 260, and 4 Manresa, *Comentarios al Código Civil*, 599.

In 1906 defendant obtained permission from Juana Román, the grandmother of plaintiffs, to lay its track across her land. There was no consideration, no contract, no grant of any interest in the land. Defendant was a mere licensee. Juana Román died in the same year. The land was partitioned among her children and the parcel described in the complaint was allotted to Eulalio Román, the father of plaintiffs. The track was laid in 1907. Eulalio Román died in 1911. In 1919 several of his children, then of age, and his widow, who assumed to act in behalf of her minor children, plaintiffs herein, attempted to segregate and to convey to defendant the strip over which its track had been laid. So far as plaintiffs were concerned, the deed was void for want of previous judicial authorization.

The use or possession upon which a claim of prescription is founded must be adverse. Use by permission or license cannot ripen into an easement. Any claim of right by a licensee must be brought to the knowledge of the owner before it can become the basis of prescription. 9 R. C. L. 776, 778, sections 36 and 37. "If the use originates by permission or license, and an easement by prescription is claimed, the burden of proving that the permissive use had ceased and that the use for the necessary period had been adverse under claim of right is on the party asserting its existence, and in case of doubt it will be resolved against him." Id. 781, 782, section 39.

In the instant case there was no question about the permissive origin of defendant's use. There was no question of a lost grant. There was no adverse user. Even in the absence

of anything to show a permissive origin, defendant's attempt to acquire title to the right of way by purchase of the land itself would have sufficed to negative any presumption as to such user. Id. 782, section 40. Defendant as a mere licensee, could not and did not acquire title by prescription.

The judgment appealed from will be reversed.