DOMINGO, MONSERRATE Y JESÚS ROMÁN REYES, este último menor representado por su señora madre FELICIANA REYES, demandantes y apelantes, *v.* PLAZUELA SUGAR CO., demandada y apelada y MANUEL M. MARTÍNEZ, interventor y apelado.

No. 5437.—*Sometido:* Abril 23, 1931. *Resuelto:* Noviembre 22, 1932.

*L. Mercader,* abogado de los apelantes; *G. Zeno Sama,* abogado de la demandada apelada y *A. Lens Cuena* y *F. M. Susoni,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

■ Los demandantes son dueños de un condominio pro indiviso en una parcela de terreno a través de la cual la demandada explota una vía férrea privada que utiliza en el arrastre de caña a una factoría de su propiedad. Ellos entablaron este pleito para establecer la inexistencia de una servidumbre de paso y para que se ordene a la demandada que levante la vía. La corte de distrito sostuvo que la demandada había adquirido una servidumbre por prescripción. La de si una servidumbre como la alegada por la demandada puede o no adquirirse por prescripción, es una cuestión interesante. No es necesario que la resolvamos ahora. Véanse, sin embargo, los casos de *Torres* v. *Falgorust,* 35 La. Ann. 497; *Torres* v. *Plazuela Sugar Co.,* 24 D.P.R. 479; 2 Morell, Legislación Hipotecaria, 666; 10 Scaevola, Comentarios al Código Civil, 260 y 4 Manresa, Comentarios al Código Civil, 599.

■ En 1906 la demandada obtuvo permiso de Juana Román, abuela de los demandantes, para colocar una vía a través de sus tierras. No medió causa, contrato·o cesión de derecho alguno sobre la propiedad. La demandada sólo fué una mera "licensee." Juana Román murió ese mismo año. El terreno fué repartido entre sus hijos y la parcela descrita en la demanda fué adjudicada a Eulalio Román, padre de los demandantes. La vía fué construída en 1907. Eulalio Román murió en 1911. En 1919 varios de sus hijos, ya mayores de edad, y su viuda, quien asumió la representación de los menores, demandantes en esta acción, intentaron segregar, para a su vez traspasar a la demandada, la faja de terreno ocupada por la vía. En lo que a los demandantes concierne, la escritura era nula por falta de previa autorización judicial.

El uso o la posesión en que se funde una alegación pres-

criptiva deben ser adversos. El uso mediante permiso o licencia no puede madurar en servidumbre. Cualquier alegación de derechos que haga un "licensee" debe ponerse en conocimiento del dueño antes de que pueda llegar a constituir base para la prescripción. 9 R.C.L. 776, 778, secciones 36 y 37. "Si el uso emana de un permiso o autorización, y se alega una servidumbre por prescripción, el peso de probar que el uso permisivo había cesado y que el uso por el tiempo necesario había sido adverso so color de título, recae sobre la parte que afirma su existencia, y en caso de duda ésta debe resolverse en su contra." Id. 781, 782, sección 39.

En el presente caso no se suscitó controversia respecto al origen permisivo del uso por parte de la demandada. Tampoco la hubo sobre una concesión perdida. No se trataba de un tenedor adverso. Aun en ausencia de algo que demuestre un origen permisivo, la mera tentativa de la demandada de adquirir un título de servidumbre de paso por compra del propio terreno, hubiera bastado para negar cualquiera presunción en cuanto a tal tenedor. Id. 782, sección 40. La demandada, en su carácter de mera "licensee", no podía adquirir, y no adquirió, título por prescripción.

*Debe revocarse la sentencia apelada.*