CENTRAL VICTORIA, INC., demandante y apelante, *v.* GREGORIO HERNÁNDEZ Y HERNÁNDEZ, ARTURO, GREGORIO, ISABEL, HIGINIO RAMÓN, ARMANDO RAFAEL, GERTRUDIS, y LUIS HERNÁNDEZ BATISTA, demandados y apelados.

No. 2868.—*Visto:* Mayo 28, 1926. *Resuelto:* Junio 26, 1926.

1. INJUNCTION — INJUNCTION PARA RECOBRAR LA POSESIÓN — FUNDAMENTOS DEL REMEDIO.—Un mero derecho de entrada y salida por un camino no es fundamento para una petición de acuerdo con la Ley No. 43 de 1913 (pág. 85) según fué enmendada en 1917 ([2] pág. 221).

2. INJUNCTION — INJUNCTION PARA RECOBRAR LA POSESIÓN — FUNDAMENTOS DEL REMEDIO.—La Ley No. 43 de 1913, según quedó enmendada en 1917 ([2] pág. 221) da un remedio por cualquier intervención o amenaza de perturbar la posesión material.

3. INJUNCTION—INJUNCTION PARA RECOBRAR LA POSESIÓN—EVIDENCIA—EN GENERAL.—Para que a uno a quien se le ha privado de la posesión material se le restituya en ella, sólo se le requiere probar una posesión material anterior bajo alguna apariencia o color de derecho.

4. INJUNCTION—INJUNCTION PARA RECOBRAR LA POSESIÓN—DERECHO DE ACCIÓN.—En acción (*injunction*) para recobrar la posesión, a falta de un derecho claro o de la posesión material, no puede prosperar la acción.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), denegando expedición del auto de *injunction* solicitado. *Confirmada.*

*Coll y Cuchí & Cruzado Silva,* abogados de la apelante; *Benicio Sánchez Castaño y Leopoldo Feliú,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte de distrito se negó a expedir un interdicto mandatorio para recobrar la posesión de bienes inmuebles, basada en los siguientes hechos declarados probados y por las razones expuestas a continuación:

"En el acto del juicio la demandante probó tener ocupadas, en una finca de los demandados, ciertas fajas de terreno que describe detalladamente la demanda, por las que hay tendidas una vía férrea, para transportar cañas, y un desvío para el cargadero. Se alega que para llegar al cargadero los carros transportando cañas, hay un camino, que se dice, también ocupado, y que éste ha sido obstruído por la colocación de una cerca o puerta de alambre, a su entrada, en el empalme con un camino vecinal. No se ha alegado o probado otro acto, fuera de ése, de perturbación del uso o disfrute de la vía

férrea o de la posesión de las fajas donde está tendida.    Esta parece haber sido instalada a virtud de un contrato celebrado el 19 de Junio de 1915, entre la Compañía Azucarera de la Carolina, (predecesora en derechos de la demandante, según ésta alega) y don Gregorio Hernández, uno de los demandados.    La cláusula de dicho contrato relativa a la vía, dice así:

. ‘‘ ‘DÉCIMA SEXTA: Ha sido expresamente convenido que la Central instalará una vía en terrenos de mi finca de Trujillo Bajo, que entregará al Colono los wagones vacíos puestos en el mismo, y que los arrastres de los wagones llenos hasta la Central, serán también hechos por cuenta de la misma, y que la vía será instalada antes del mes de enero 1916.’

‘‘El contrato fué de compraventa y entrega de cañas, y según su cláusula XII duraría tres años, a contar del 1° de Julio del año 1917; aparentemente ha terminado.

‘‘Existe una acción pendiente ante esta Corte, iniciada por los demandados contra la demandante el 1° de Junio de 1925, seis días antes de haberse radicado la demanda enmendada en el presente caso, y su aparente propósito es liberar la misma finca de la servidumbre que la compañía demandante tiene establecida con la vía férrea de que ahora se trata.

‘‘Para que la presente acción prosperase sería preciso que se hubiese demostrado satisfactoriamente la posesión material de las fajas o parcelas descritas en la demanda.    Se demostró en el acto del juicio la existencia de la vía, del desvío y cargadero, y del camino; y se probó que éste ha sido cerrado por una cerca puesta por orden de D. Gregorio Hernández, uno de los demandados.    Pero no se demostró una posesión material continua, tal como la que intenta proteger la ley especial que provee el remedio especial de *injunction,* ahora invocado.    Si se tratase de una acción ordinaria para confirmar una servidumbre probablemente esta Corte concedería, en aseguramiento de la efectividad de la sentencia, alguna medida protectora de los aparentes derechos que se alegara haber sido vulnerados.    Pero la posesión de un camino, en la finca de los demandados, que éstos pueden usar libremente como dueños, con igual frecuencia, por lo menos, que los demandantes, no es la posesión o tenencia real, exclusiva de la demandante y por tanto incompatible con la de otros; sería, a lo sumo un derecho de paso por ese camino hacia el cargadero de las cañas que por la vía férrea deben transportarse; derecho de paso no demostrado, ni en su origen, pues no resulta del contrato de compraventa de cañas, ya extinguido, ni sus condiciones o régimen;

no habiéndose tampoco aducido prueba alguna relativa a la necesidad indispensable del camino para los fines o propósitos de la vía férrea.

"Por tales razones no procede expedir el auto de *injunction* que se solicita."

El señalamiento de errores especifica que—

"I. La Corte de Distrito cometió error manifiesto al resolver que no se demostró satisfactoriamente la posesión material de las parcelas de terreno descritas en la demanda.

"II. La Corte de Distrito cometió error manifiesto al resolver que el derecho de paso no quedó demostrado por la demandante-apelante.

"III. La Corte de Distrito cometió error manifiesto al no declarar probado que la demandante-apelante había sido privada ilegalmente de la posesión.

"IV. La Corte de Distrito cometió error manifiesto abusando de su discreción, al apreciar la prueba y dictar una sentencia no de acuerdo con la misma.

"V. La Corte de Distrito cometió error manifiesto al aplicar la Ley Núm. 43 de 1913 que provee el procedimiento para recobrar la posesión de propiedad inmueble, según quedó enmendada por la Ley Núm. 11 de 1917."

[1] El juez sentenciador aparentemente admite que la demandante está en posesión de la vía férrea portátil tendida sobre el terreno en cuestión por el supuesto predecesor en derechos de la demandante. Hubo alguna prueba tendente a demostrar que la demandante hizo un deslinde de la faja de terreno ocupada por tal vía férrea o ramal, así como ciertas reparaciones en tal vía y que además colocó nuevas traviesas a lo largo de la línea. No hubo nada que demostrara haber habido intervención alguna por parte de los demandados con la posesión material por la demandante de la vía o ramal.

No se presentó prueba alguna en apoyo de la alegación de la demandante sobre su posesión material del camino cerrado por los demandados. Tampoco se ha demostrado satisfactoriamente que la demandante usara siquiera el citado camino o que fuera dueña o controlara la vía férrea portá-

til usada para facilitar el transporte de caña por tal camino, si alguna había.  La prueba en conjunto, aunque floja y vaga, sugiere más bien el uso y disfrute de este camino hasta el día en que fué cerrado, por otros colonos y cultivadores de caña en aquella comarca para el trasporte de caña en carretas o vagones por el terreno de los demandados.

Por consiguiente, la segunda alegación de la apelante tiene poco o casi ningún fundamento en que basarse.  De todos modos, la apelante no cita autoridad alguna en apoyo de la proposición de que un mero derecho de entrada y salida puede ser la base de una petición de remedio de acuerdo con la ley de 1913, según fué enmendada en 1917.

[2] La ley últimamente mencionada da un remedio por cualquier intervención o amenaza de perturbar la posesión material.  Tal posesión, con ciertas limitaciones y excepciones que es innecesario enumerar, es suficiente.

[3] Un individuo que tenga un derecho legal claro a una servidumbre de paso continua por los terrenos de otra persona no necesita valerse de interdicto reivindicatorio (*restorative*) del Derecho Romano.  A un demandante que se le ha privado de la posesión material no se le requiere, a fin de obtener la consiguiente reivindicación (*restoration*), que pruebe su título legal a la propiedad en cuestión.  Una posesión material anterior bajo alguna apariencia o color de derecho es suficiente.

[4] En el primer caso un derecho claro en ley o en equidad es un requisito previo indispensable para obtener el remedio.  En el segundo, a falta de un derecho claro o de la posesión material, no puede prosperar la acción.

El alegato de la apelante contiene una interesante y comprensiva exposición del origen, historia y desarrollo del concepto legal que encierra el término posesión y de la ley que rige los derechos de posesión; pero el radio de nuestra discusión debe limitarse por ahora al campo abarcado por los hechos que los autos revelan.

Vistas a la luz de tales hechos la tercera, cuarta y quinta

de las cuestiones mencionadas en el señalamiento, en tanto en cuanto no han sido ya resueltas no merecen ulterior consideración.

*La sentencia apelada debe ser confirmada.*