PEDRO FERNÁNDEZ REYES, demandante y apelante, *v.* RAMÓN
GONZÁLEZ BETANCOURT, demandado y apelado.

No. 5163.—*Sometido:* Abril 30, 1930.—*Resuelto:* Enero 20, 1931.

*Luis Mercader,* abogado del apelante; *Antonio Lens Cuena,* abogado
del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Pedro Fernández Reyes tiene una finca en el barrio
Islote de Arecibo de 54 cuerdas de terreno que colinda por
el norte con otra de 18 cuerdas que perteneció a una her-
mana suya y que es ahora de Don Ramón González Betan-
court, desde hace pocos meses. Al norte de la finca de 18
cuerdas hay un camino vecinal y con él se comunicaba Pe-

dro Fernández Reyes desde hace tres años pasando por un camino privado de la finca de 18 cuerdas hasta que hace poco tiempo el nuevo dueño de la finca de 18 cuerdas aró el camino y puso matas de maya en él en la colindancia de su finca con la de Pedro Fernández.

Esos hechos fueron probados por Pedro Fernández Reyes en un procedimiento de *injunction* para recobrar la posesión del uso de ese camino que estableció contra Ramón González Betancourt, como declaró la Corte de Distrito de Arecibo al negarse a rechazar la demanda por insuficiencia de la prueba del demandante (*nonsuit*) y como admitió después el demandado, pero por la prueba de éste la sentencia declaró sin lugar la demanda por el fundamento de que el demandante tenía un mero permiso verbal de su hermana, la anterior dueña de la finca de 18 cuerdas, para usar el camino y que por ser esos actos meramente tolerados no puede utilizar el interdicto de recobrar la posesión.

■■ El primer motivo que alega Pedro Fernández Reyes para sostener su apelación contra esa sentencia es que el tribunal inferior cometió error al no sostener la objeción del demandante al interrogatorio del demandado tendente a investigar el derecho del apelante a utilizar el camino a que alude la demanda.

En el procedimiento de *injunction* para recobrar la posesión material perdida por actos de otro, que es el interdicto para recobrar la posesión de nuestra anterior ley procesal, sólo hay que alegar, probar y resolver cuestiones de hecho, a saber, si el demandante dentro del año precedente a la presentación de la demanda estaba en posesión de la propiedad que en la demanda se describe y si ha sido perturbado o despojado de ella por el demandado. En ese procedimiento no se puede discutir, probar ni resolver si el demandante tiene o no derecho a tal posesión porque es cuestión propia para juicios ordinarios. *Solís v. Castro,* 36 D.P.R. 112; *Oliver Cuveljé v. González,* 37 D.P.R. 942;

*Vicente* v. *Ortiz,* 38 D.P.R. 106; y *Echevarría* v. *Saurí,* 38 D.P.R. 737. Por consiguiente, fué error de la corte inferior permitir que el demandado preguntara a sus testigos sobre el derecho con que el demandante pasaba por dicho camino, error que fué perjudicial para el apelante porque a pesar de haber probado los hechos de su demanda determinantes de la acción que ejercita, sin embargo, la sentencia le fué contraria porque por la prueba del demandado, erróneamente admitida, la corte llegó a la conclusión de que no procede su petición de *injunction* por el uso del camino por ser por permiso y mera tolerancia de la anterior dueña de la finca en que el mismo está. La corte inferior citó varias opiniones nuestras en apoyo de su resolución, pero no tienen aplicación al presente: el de *Almodóvar* v. *Russell & Co.,* 34 D.P.R. 94, porque no se trataba en él del *injunction* especial para recobrar la posesión sino de un *injunction* general: el de *Solís* v. *Castro,* 36 D.P.R. 112, porque si bien en él se trata la cuestión de mera tolerancia, se llega, sin embargo, a la conclusión de que sólo puede tratarse en esta clase de *injunctions* el hecho de la posesión y su interrupción; el de *Colón* v. *Plazuela,* 31 D.P.R. 314, porque se refiere a un pleito ordinario sobre servidumbre: y el de *Vélez Gaztambide* v. *Guánica Centrale,* 26 D.P.R. 795, por igual razón que el precedente. El otro caso citado por la corte, el de *Central Victoria, Inc.,* v. *Hernández,* 35 D.P.R. 613, tampoco tiene aplicación porque se confirmó la sentencia denegatoria del *injunction* solicitado por el uso de un camino porque no se presentó prueba alguna en apoyo de la alegación de la demandante sobre su posesión material del camino cerrado por los demandados, porque no se demostró satisfactoriamente que la demandante usara siquiera el citado camino y porque la prueba más bien sugirió el uso y disfrute del camino, hasta el día en que fué cerrado, por otros colonos. El artículo 446 del Código Civil que también cita la corte, en el que se dice que los actos meramente to-

lerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión, no es para ser considerado y tenido en cuenta al resolver esta clase de *injunctions* en el que, como hemos dicho, sólo se ventilan cuestiones de hecho y no el derecho con que el demandante usaba el camino y, por consiguiente, si por tratarse de actos meramente tolerados no queda afectada por ellos la posesión del dueño de la finca. Como dice la sentencia del Tribunal Supremo de España de 3 de abril de 1884, tomo 54 de la Jurisprudencia Civil, ''el interdicto de recobrar, no sólo compete a los que tienen la posesión jurídica, sino también a los que se hallan en la *tenencia* de la cosa o lo que es lo mismo en la simple ocupación actual y corporal de ella con derecho o sin él . . .'' Y en la de 20 de noviembre de 1913, Jurisprudencia Civil, tomo 125, pág. 356, del mismo tribunal, también se dice: ''Basta leer el art. 446 y sus concordantes del Código Civil para convencerse de la vigencia de la ley Procesal y sostener con ella que en los interdictos, si no han de perder su propia naturaleza al punto de hacer inútil el juicio plenario, sólo puede discutirse el hecho de la posesión para protegerla de toda perturbación momentánea, nunca sobre el derecho efectivo de la misma que ha de consistir en el por qué y cómo se posee.''

■■ La posesión actual o mera tenencia puede ser en la cosa o en el disfrute de un derecho, según el artículo 443 del Código Civil, y por esto la posesión o tenencia del uso de una servidumbre puede ser objeto del procedimiento de *injunction* para recobrar la posesión. Que la posesión de una servidumbre de paso por un camino privado que atraviesa la finca de un demandado puede ser recobrada por medio de *injunction* o interdicto establecido por la ley para recobrar la posesión, es cuestión resuelta desde el año 1879 por el Tribunal Supremo de España, tomo 42 Jurisprudencia Civil, pág. 523, pues habiéndose alegado que tal inter-

dicto se da contra el despojo de cosa pero no de derechos, dicho tribunal declaró insostenible ese motivo porque bajo el nombre de posesión se entiende comprendida la cuasi posesión para los efectos de esa clase de interdictos que afecta a la cosa corporal que se posee como también a un derecho de servidumbre que se ejercita o cuasi se posee. Y en la de 1881, tomo 47 Jurisprudencia Civil, pág. 100, el mismo tribunal en un caso en que se atacó un interdicto concedido para recobrar una servidumbre, dijo: "Que conforme a la jurisprudencia constante del Tribunal Supremo, fundada, entre otras leyes, en la 1ª, tít. 30, Partida 3ª, el interdicto de recobrar es procedente siempre que se prive a cualquiera de cosas muebles o raíces, o del ejercicio de un derecho; pues que resolviéndose en esta clase de juicios sumarísimos cuestiones de orden público, lo mismo se afecta privando a uno con violencia o clandestinamente de una cosa corporal que poseía, como de un derecho de que cuasi poseía." Esas sentencias fueron citadas y seguidas por nosotros en el caso de *Echevarría, viuda de Subirá* v. *Saurí*, 38 D.P.R. 745, antes citado, en el que se declaró con lugar un *injunction* o interdicto para recobrar la posesión de una servidumbre de paso.

*En vista de lo expuesto la sentencia apelada debe ser revocada y dictarse otra declarando con lugar la demanda, sin especial condena de costas.*

El Juez Asociado Señor Wolf disintió.*