CARMEN GÓMEZ, demandante y apelante, *v.* JUAN ERNESTO LÓPEZ GRILLO, demandado y apelado.

Núm. 7883.—*Sometido:* Diciembre 1, 1939. *Resuelto:* Enero 8, 1940.

■■■■■

*Andrés Mena,* abogado de la apelante; *Villares & Morales,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La demandante y el demandado son dueños respectivamente de dos casas contiguas marcadas con los números 37 y 35 de la Calle Betances, de Caguas. Separa las dos casas un callejón de un metro de ancho más o menos y un muro de concreto de ocho pies de alto que según la demandante sirve de cerca al patio de su ameritada casa.

El 3 de agosto de 1937 la demandante radicó la demanda de este caso en la Corte de Distrito de Humacao en la que luego de exponer los hechos reseñados y de alegar que desde el 27 de noviembre de 1933 se halla en posesión del expresado callejón y muro de concreto como partes integrantes de su referida casa, alegó que el demandado desde el mes de julio de 1937 ha procedido a construir una habitación en el

fondo de su casa, utilizando dicho muro de concreto, y ha demolido una parte del mismo para abrir una ventana de ocho pies cuadrados a través de la cual recibe luz y ventilación desde el callejón de la casa de la demandante.

El demandado controvirtió las alegaciones esenciales de la demanda, alegando como materia nueva que hace más de cinco años se halla en posesión del muro y callejón en controversia y que hace más de cinco años dicho muro sirve de pared de cierre a la parte posterior de su casa, descansando sobre el mismo parte del techo.

La corte de distrito, después de oír la prueba de una y otra parte y llevar a efecto una inspección ocular, dictó la sentencia que motiva este recurso, la que literalmente dice:

"Consideradas las alegaciones y la totalidad de la prueba presentada a la luz de la inspección · ocular realizada, la Corte llega a la conclusión de que tanto el callejón como el muro a que la demanda hace referencia, han venido utilizándose en común por los dueños de ambas propiedades separadas por dichos muro y callejón desde hace mucho tiempo y especialmente durante el año inmediatamente anterior a la presentación de la demanda, por lo que no procede la recurrencia a este procedimiento posesorio, debiendo las partes ventilar su derecho dominical sobre la pared y el pasadizo antes indicados en el procedimiento ordinario correspondiente. En su consecuencia se dicta sentencia declarando sin lugar la demanda, con imposición de costas a la demandante, incluyendo éstas una suma de $100 que la Corte considera razonable para los honorarios del abogado de la parte demandada."

Aunque la apelante imputa a la corte sentenciadora la comisión de cuatro errores, los dos primeros van dirigidos virtualmente a la apreciación de la prueba y los dos últimos a impugnar el pronunciamiento de costas y honorarios que se hace en la sentencia a favor del demandado.

En el caso de autos, la corte *a quo*, sostenida a nuestro juicio por la evidencia, estimó probado que el demandado durante todo el año inmediatamente anterior a la radicación de la demanda y desde mucho antes, venía compartiendo con la demandante el uso o posesión del muro y callejón en con-

troversia. De la declaración de María Luisa Rodríguez, testigo del demandado, tomamos lo siguiente:

"R. La casa tiene un balcón al frente, es pintada de verde y tiene dos puertas de frente, entonces a mano derecha tiene un callejón que lo usábamos nosotros cuando vivíamos allí, que por allí entrábamos y salíamos con facilidad, y además tiene dos puertas al callejón y una puerta ventana que se abría, era por donde nosotros pasábamos a limpiar el callejón, cada vez que lo ensuciaban. Además de eso tiene una pared que es de la misma pared de la casa, a mano derecha de madera alta que descansa un comedor y una cocina de allí de la misma casa.

"P. ¿Qué es lo que descansa encima de esa pared, el techo?

"R. El techo del comedor y de la cocina.

"P. ¿Cuándo fué que usted fué a habitar esa casa?

"R. Yo fuí a habitar la casa en agosto de 1934, me mudé de ella en julio de 1937.

"P. ¿En julio de este año?

"R. En julio de este año, de 1937.

"P. Cuando Ud. fué a habitar la casa, ¿ella estaba en esas condiciones?

"R. Exactamente, como está ahora.

"P. Y cuando la desocupó, ¿cómo estaba?

"R. La casa estaba exactamente; lo único que tiene ahora es que la casa la pintaron y la repararon un poco, pero no le han hecho más nada." (T. de E., pág. 78.)

Arguye la apelante que es errónea la conclusión a que llegó la corte inferior al efecto de que el callejón y el muro eran poseídos en común por la demandante y el demandado, porque la posesión como hecho, conforme dispone el artículo 374 del Código Civil (edición 1930), no puede reconocerse en dos personas distintas fuera de los casos de indivisión.

Dicho artículo en su totalidad dice así:

"Art. 374.—La posesión como hecho, no puede reconocerse en dos personalidades distintas, fuera de los casos de indivisión. Si surgiere contienda sobre el hecho de la posesión, será preferido el poseedor actual; si resultaren dos poseedores, el más antiguo; si las fechas de las posesiones fueren las mismas, el que presente título; si todas estas condiciones fuesen iguales, se constituirá en depósito o

guarda judicial la cosa, mientras se decida sobre su posesión o pro-
piedad por los trámites correspondientes.''

El Artículo 374 del Código Civil (edición 1930), invocado
por la apelante, no excluye la posible existencia de la pose-
sión en dos personas distintas como cuestión de hecho. Lo
que ese precepto legal dispone es que *ante la ley* no puede
*reconocerse* la posesión como hecho en más de una persona,
excepto en los casos de indivisión. Precisamente porque la
ley no puede ignorar la realidad, para aquellos casos en que
como en el de autos existe la posesión en dos personas dis-
tintas, es que el citado artículo dicta las reglas convenientes
para determinar en cada caso cuál de las dos distintas pose-
siones es la válida, la que la ley reconoce.

Ilustrando la posibilidad de la posesión en dos personas
distintas, señala Manresa los siguientes ejemplos: ''Un con-
tratista de maderas empieza a cortar los pinos de una dehesa
y estando practicando esta operación se presenta cortando
también otra persona que se cree autorizada para ello. Un
ganadero lleva a pastar su ganado a cierto terreno en el cual
más tarde se introduce otro ganado con el mismo objeto, etc.''
(4 Manresa, Comentarios al Código Civil, ed. 1910, págs.
198–199.)

Congruente con el propósito que lo inspira, empieza
diciendo el artículo 374: la posesión, como hecho, no puede
reconocerse en dos personalidades distintas; e inmediata-
mente después prescribe que *en casos de contienda sobre el
hecho de la posesión,* será preferido el poseedor actual; si
resultaren *dos poseedores,* el más antiguo; si las·fechas de
*las posesiones* fueren las mismas, el que presente título; y
por último, si todas estas condiciones fuesen iguales, se cons-
tituirá en depósito o guarda judicial la cosa, mientras se de-
cida sobre su posesión o propiedad por los trámites corres-
pondientes.

A este efecto dice Manresa:

''Pero obsérvese bien que el art. 445 no niega la posibilidad *de
la existencia* de la posesión, como hecho, en dos personalidades dis-

tintas; solamente dice que la ley no puede *reconocer* esa doble existencia. Y hacemos notar esto, en primer lugar, porque es muy fácil tomar una cosa por otra, como sucede en casi todos los comentaristas, y en segundo, para que no se note una contradicción en el mismo artículo. Dice éste, en efecto, en la segunda parte, que después examinaremos, que se preferirá la posesión actual, y si ambas fuesen actuales, la más antigua. Dos posesiones actuales son dos posesiones de hecho; luego el Código no sólo no niega la posibilidad de su existencia, sino que hasta supone el caso en que de hecho existan; sin embargo, no puede reconocerlo o admitirlo como legal. Se entiende, si media contienda, o si ambas posesiones pretenden ser cada una de ellas la única, pues no habría contradicción en la indivisión.'' 4 Manresa (ed. 1931), pág. 178.

Pero el procedimiento a que ha recurrido la apelante es el de *injunction* para recobrar o retener la posesión y es sabido que dentro de este procedimiento no se determina cuál de los dos litigantes tiene mejor título o derecho a la posesión que ambos reclaman. En el interdicto, las únicas cuestiones a resolver son: (*a*) ¿Estaba el demandante dentro del año precedente a la presentación de la demanda en la posesión real de la propiedad que en la demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla; y (*b*) ha sido el demandante perturbado o despojado, según sea el caso, de dicha posesión o tenencia? Artículo 691, Código de Enjuiciamiento Civil (ed. 1933).

Tratando de la naturaleza de los interdictos, dice Manresa en sus Comentarios al Código Civil (ed. 1910):

''Los interdictos, siguiendo la definición que de ellos dan los autores de procedimientos, son unos *juicios sumarísimos*, que tienen por objeto el decidir *interinamente* sobre el *hecho* de la posesión sin perjuicio del derecho de los interesados, o suspender o evitar un hecho que nos perjudica. Reciben también ese nombre las *acciones* concedidas al poseedor para obtener ese mismo resultado.

''Por su propio carácter, las resoluciones en ellas recaídas no deciden nada en definitiva, y son siempre sin perjuicio de tercero de igual o mejor derecho. Después de los interdictos puede siempre seguirse un juicio más amplio, en el que se aleguen, examinen, discutan y resuelvan las cuestiones relativas al derecho. Ni podía ser de otro modo, toda vez que, en lo que a nuestro estudio interesa, la

posesión de hecho puede tener a su favor la presunción del derecho a poseer; mas tal presunción cede forzosamente ante una prueba en contrario; prueba que, como referente al derecho y no al hecho, no cabe ni prospera dentro de la naturaleza del interdicto.'' Tomo 4, pág. 209.

En el caso de *Fernández* v. *González,* 41 D.P.R. 726, se dijo por este tribunal:

''En el procedimiento de *injunction* para recobrar la posesión material perdida por actos de otro, que es el interdicto para recobrar la posesión de nuestra anterior ley procesal, sólo hay que alegar, probar y resolver cuestiones de hecho, a saber, si el demandante dentro del año precedente a la presentación de la demanda estaba en posesión de la propiedad que en la demanda se describe y si ha sido perturbado o despojado de ella por el demandado. En ese procedimiento no se puede discutir, probar ni resolver si el demandante tiene o no derecho a tal posesión porque es cuestión propia para juicios ordinarios. *Solís* v. *Castro,* 36 D.P.R. 112; *Oliver Cuveljé* v. *González,* 37 D.P.R. 942; *Vicente* v. *Ortiz,* 38 D.P.R. 106; y *Echevarría* v. *Saurí,* 38 D.P.R. 737.''

'' .  .  .  .  .  .  .  .  .

''Como dice la sentencia del Tribunal Supremo de España de 3 de abril de 1884, tomo 54 de la Jurisprudencia Civil, 'el interdicto de recobrar, no sólo compete a los que tienen la posesión jurídica, sino también a los que se hallan en la *tenencia* de la cosa o lo que es lo mismo en la simple ocupación actual y corporal de ella con derecho o sin él...' Y en la de 20 de noviembre de 1913, Jurisprudencia Civil, tomo 125, pág. 356, del mismo tribunal, también se dice: 'Basta leer el art. 446 y sus concordantes del Código Civil para convencerse de la vigencia de la Ley Procesal y sostener con ella que en los interdictos, si no han de perder su propia naturaleza al punto de hacer inútil el juicio plenario, sólo puede discutirse el hecho de la posesión para protegerla de toda perturbación momentánea, nunca sobre el derecho efectivo de la misma que ha de consistir en el por qué y cómo se posee.' ''

Claro es que siendo las cuestiones anteriormente indicadas las únicas a resolver dentro de un procedimiento de *injunction* para recobrar o retener la posesión, cualquier evidencia, así documental como oral, tendente a probar título o derecho de posesión en uno u otro litigante, es inadmisible,

por irrelevante, pues es la determinación de la tenencia o posesión real *como cuestión de hecho* el único propósito de este procedimiento. Un demandante puede tener el título más perfecto que concebirse pueda, pero si el demandado en cualquier forma, incluyendo la fuerza o la violencia, lo ha despojado de la posesión o lo ha perturbado en el goce de la misma por un término mayor de un año, la demanda de *injunction* para recobrar o retener la posesión así usurpada o perturbada necesariamente tiene que fracasar. Es por esta razón que no puede argüir con éxito la apelante que la corte sentenciadora erró al no fallar a su favor por haber presentado la escritura de propiedad que indebidamente, a nuestro juicio, fué admitida por la corte.

La demandante se queja de que la corte inferior no ordenó tapiar la ventana abierta en el muro de concreto. ¿Cómo era posible, dentro de este procedimiento, permitir al demandado continuar realizando ciertos actos de posesión y prohibirle otros, como hubiera resultado si se le hubiera ordenado tapiar la ventana? No es que resolvamos que el demandado tenga o deje de tener un derecho de servidumbre de luces y vistas sobre la finca del demandante. Es que la demandante no ha instituído la acción correspondiente y por lo tanto no procede determinar ese derecho dentro de los estrechos límites de este procedimiento.

El Artículo 5 de la ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble, que es ahora el 694 del Código de Enjuiciamiento Civil (ed. 1933), expresamente dispone que se impondrán las costas a la parte contra la cual se dictare sentencia. Habiéndose dictado sentencia contra la demandante al desestimar la demanda, procedió correctamente la corte inferior al imponerle las costas, y no encontramos que haya abusado de su discreción al condenarla al pago de honorarios de abogado, fijando éstos en la cantidad de $100.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*