CIPRIANO MANRIQUE, demandante y apelado, *v.* ISIDORO ALVAREZ, demandado y apelante.

Núm. 7930.—*Sometido:* Febrero 5, 1941. *Resuelto:* Febrero 17, 1941.

*Dubón & Ochoteco* y *Rodrigo Otero Suro,* abogados del apelante; *Arturo Aponte,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Demandante y demandado son dueños respectivamente de dos casas ubicadas en la ciudad de Caguas, separadas por un callejón de un metro veinte centímetros de ancho, que ambos litigantes han venido utilizando por espacio de muchos años para dar salida a las aguas que caen de sus tejados y a las que proceden del patio del demandante. El callejón estaba pavimentado de concreto y tenía cierto declive desde los costados hacia el centro que le permitía recoger las aguas sin derramarlas por los lados, y verterlas en la calle Jiménez Sicardó. No existió controversia alguna entre las partes con respecto al uso del callejón, pareciendo ambas satisfechas en cuanto a su suficiencia para cumplir los fines a que había sido destinado, hasta que el sábado 13 de noviembre de 1937 el demandado, siguiendo la indicación de otra persona, se dispuso a variar la forma en que operaba el indicado callejón, construyendo un canal de concreto a todo lo largo de su centro y levantando su superficie a tal altura que, según el demandante, las aguas pluviales derramaban en el interior de su casa. Protestó el demandante sin resultado positivo alguno, ya que el demandado violentamente insistió en llevar adelante su obra, terminándola en la tarde del domingo 14. Alegando el demandante que lo hacía en protección de su propiedad, el mismo

domingo destruyó la obra del demandado, por lo menos parcialmente, y al siguiente día instó este pleito de *injunction* en la corte inferior. Existe una marcada controversia con respecto al título de dominio sobre el callejón, pues mientras el demandante sostiene que el solar en que ambas casas enclavan, así como el callejón, pertenecen al municipio de Caguas, afirma el demandado que tanto el solar de su casa como el callejón son de su exclusiva propiedad; pero sea como fuere, esta cuestión, dada la naturaleza de la acción ejercitada, en nada afecta la resolución del caso. El demandado, sin embargo, no niega que el callejón ha venido utilizándose en común por ambas partes por espacio de muchos años, y acepta que ese uso por parte del demandante se extiende a varios años antes de que el demandado adquiriese su casa, pero alega que el demandante ha venido usándolo sin derecho a ello, por mera tolerancia suya; que si como alega el demandante existe servidumbre de desagüe de edificios sobre el citado callejón, los actos realizados por el demandado no constituyen una perturbación cuando, como pretende éste, el propósito de su obra es hacer menos gravosa la servidumbre, ya que según él, le resultaba incómoda y perjudicial, privándole de hacer obras, reparaciones o mejoras importantes, asegurando que la variación intentada no resulta gravosa ni perjudicial al predio dominante ni perjudica al demandante en el goce y disfrute de dicha servidumbre. Como anticipáramos, el hecho de que el callejón pertenezca al municipio o al demandado, es inmaterial a los efectos de este caso, ya que dentro del interdicto posesorio no se dirimen cuestiones de título, sino el hecho de la posesión real, y de la declaración del propio demandado resulta que dentro del año anterior a la interposición de la demanda y desde muchos años antes el demandante venía compartiendo con el demandado el uso y disfrute del callejón en la forma y para los fines indicados. De manera, pues, que asumiendo con el demandado que el callejón es de su propiedad y no del municipio, y asumiendo una vez más que no existe la alegada

servidumbre, aun así el demandante tiene un claro derecho a ser protegido en esa posesión mediante la acción de interdicto que ha establecido. Código de Enjuiciamiento Civil, edición de 1933, artículos 690 y 691.

 Asumiendo por último que existe la servidumbre que alega el demandante, ¿puede el demandado dentro de las circumstancias de este caso invocar los artículos 481 y 523 del Código Civil en oposición a las pretensiones del demandante? Es verdad que como prescribe este último artículo, el dueño del predio sirviente que sufra la servidumbre de vertiente de tejado—concediendo que el demandado sea dueño del callejón—tiene derecho a dar a las aguas otras salidas de acuerdo con las ordenanzas o costumbres locales, de suerte que no resulte gravamen ni perjuicio alguno para el predio dominante. También es cierto que el artículo 481 del citado cuerpo legal autoriza al dueño del predio sirviente a variar a su costa la forma establecida para el uso de la servidumbre, si llegare ésta a serle muy incómoda o le privase de hacer en el predio sirviente obras, reparos o mejoras importantes, siempre que ofrezca otro lugar o forma igualmente cómodo, y de suerte que no resulte perjuicio alguno al dueño del predio dominante o a los que tengan derecho al uso de la servidumbre. Pero ¿quién es el árbitro que determina si la variación perjudica o no al dueño del predio dominante? ¿Es acaso el dueño del predio sirviente? ¿Lo es el del dominante? Ni uno ni otro. Esa facultad corresponde a los dos de consuno, y si no existiere acuerdo o conformidad entre ellos, a la autoridad judicial. A este efecto dice Scaevola:

"...Determinar si la variación que se intenta perjudica o no a quien tiene derecho a gozar de la servidumbre, no es cuestión jurídica, es de hecho, puesto que queda al criterio de las personas interesadas, y en su defecto a la autoridad judicial. La variación que el dueño del predio sirviente cree cómoda, puede estimarla perjudicial el del dominante, porque la comodidad, como la utilidad de una cosa, son conceptos, no absolutos, sino relativos, en cuanto dependen de la

apreciación de las personas que usen de la cosa, y en desacuerdo de ella, la de los peritos, ya particularmente, ya judicialmente si surgiese controversia entre las partes.'' 10 Scaevola, ''Código Civil'', pág. 315.

Aunque en su contestación alega el demandado que la servidumbre en la forma en que se usaba le resultaba incómoda y perjudicial y le privaba de hacer en su propiedad obras, reparos o mejoras importantes, no existe evidencia alguna que tienda a sostener tales alegaciones. De todos modos, aunque así fuere, no habiendo acuerdo entre las partes, como en efecto no lo hubo, era el deber del demandado, si insistía en llevar a cabo la obra, recurrir a la corte competente para que dirimiese la controversia, y en ningún caso tratar de convertirse en árbitro absoluto de los derechos del demandante. Al actuar como lo hizo el demandado, procedió correctamente el demandante instando esta acción de interdicto posesorio.

''Si el dueño del predio sirviente intenta variar la servidumbre en virtud del artículo 545 (481 del de Puerto Rico), el dueño del predio dominante o las personas que tengan derecho al uso de servidumbre *podrán oponerse a la variación utilizando el interdicto de retener* si se trata de variación de lugar y forma del ejercicio de la servidumbre, y el de obra nueva si de la realización de obra.'' Obra y tomo citados, pág. 317. (Bastardillas nuestras.)

Por último, no erró la corte sentenciadora al condenar al demandado al pago de $100 por concepto de honorarios de abogado, ante su manifiesta temeridad al insistir en variar a su gusto el ejercicio de la servidumbre que desde 1918 y antes de que el demandado poseyese su casa, venía disfrutando el demandante en la misma forma.

*Debe desestimarse el recurso y confirmarse la sentencia apelada.*