José, Catalina, Mercedes, Juana, Teresa y Feliciano Matienzo Kock, demandantes y apelados, *v.* Dr. J. S. Igartúa, demandado y apelante.

Núm. 9350.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Diciembre 3, 1946.

*A. Muñoz Igartúa,* abogado del apelante; *E. Pérez Casalduc,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Los demandantes instaron la presente acción alegando que dentro del año precedente a su radicación han estado en posesión de una finca urbana en la ciudad de Arecibo; que han sido perturbados en dicha posesión por el demandado consistiendo dicha perturbación en el derribo por parte del demandado de una sección de una muralla existente entre el solar de los demandantes y la casa del demandado para, según alegan los demandantes, ganar acceso al solar de ellos y poseerlo y disfrutarlo. El demandado presentó una moción solicitando especificación de particulares y los demandantes presentaron una estipulación sobre la moción de particulares estableciendo: "El pedazo de terreno de que han sido desposeídos se encuentra en la colindancia Oeste de la

finca que se describe en la demanda y es de forma rectangular, de tres ·(3) pies cuatro (4) pulgadas de ancho frente a la calle y treinta (30) pies de largo.'' Contestó la demanda el demandado y el caso fué a juicio. Se presentó prueba por los demandantes al efecto de que en el solar de su propiedad existió un edificio en los bajos del cual había un café; que entre este edificio y el del demandado existía el pasillo o callejón objeto de este pleito; que a pesar de haber una puerta en la casa del demandado que abría a ·dicho callejón, ésta permanecía incomunicada y el callejón era usado por los parroquianos del café para ir al cuarto del servicio sanitario que quedaba al fondo; que el callejón quedaba incomunicado de la calle por una tapia de mampostería que es la que ahora se alega ha destruído en parte el demandado para hacer una puerta, y que más de un año antes de la interposición de la demanda los demandantes demolieron su edificio dejando solamente en pie las cuatro paredes.

El demandado por su parte presentó prueba al efecto de que más de un año antes de la interposición de la demanda, o sea, desde que se demolió el edificio de los demandantes, fué abierta la puerta de su casa que estaba clausurada y que daba al callejón; que dicho callejón se usaba por los inquilinos de su casa y por él, pública y pacíficamente; que se abrió una puerta en la pared que separaba el callejón ·de la calle para él poder pasar, no al solar de los demandantes, sino al callejón sin necesidad de pasar por la casa que ocupaban sus inquilinos. Los propios demandantes aceptaron el hecho ·de que hacía más de un año que el demandado y sus inquilinos usaban el callejón sin su oposición.

La corte falló a favor de los demandantes, ordenando al demandado a tapiar el hueco abierto y a abstenerse de usarlo ''para pasar al solar de los demandantes.'' El demandado apeló.

La corte inferior en la relación ·de hechos que consideró probados admite que se probó, tanto por el demandado como

por el propio demandante, que el demandado desde más de un año antes de radicarse la demanda estaba en posesión de la faja de terreno que existe entre la casa demolida de los demandantes y la casa propiedad del demandado. Empero declaró con lugar la demanda porque el demandado demolió una pared y abrió una puerta para tener acceso a dicha faja de terreno desde la calle Betances.

Erró, a nuestro juicio, la corte inferior al ordenar al demandado a tapiar el hueco abierto y abstenerse de usarlo "para pasar al *solar* de los demandantes," ya que la prueba no demostró que dicho hueco fuera abierto para pasar al solar de los demandantes sino para tener acceso el demandado desde la calle al callejón que existe entre la casa del demandado y la de los demandantes y el cual desde hacía más de un año estaba en posesión del demandado, utilizado por él y sus inquilinos pero teniendo acceso al mismo solamente a través de la casa del demandado. El hecho de que éste abriera una puerta en el extremo del callejón que da hacia la calle para poder entrar y salir al callejón del cual estaba en posesión dentro del año anterior a la radicación de la demanda, no constituyó ningún acto de perturbación en relación con el solar de los demandantes.

El caso de *Manrique* v. *Alvarez,* 58 D.P.R. 74, citado por los apelados, es claramente distinguible del de autos. En aquél el demandado varió la forma en que se usaba un callejón tanto por el demandante como por el demandado "construyendo un canal de concreto a todo lo largo de su centro y levantando su superficie a tal altura que, según el demandante, las aguas pluviales derramaban en el interior de su casa." y se resolvió que el demandado no podía interrumpir con dicha obra el uso y disfrute del callejón que el demandante venía compartiendo con el demandado.

En el presente caso si bien la prueba de los demandantes tendió a demostrar que antes de demoler su casa ellos también usaban el callejón nada hay en la prueba que tienda a

demostrar que dentro del año anterior a la radicación de la demanda ellos estuvieran en posesión del callejón. Por el contrario la prueba de los demandantes demostró que hacía más de dos años que ellos habían demolido su casa contigua al callejón y que era con anterioridad a dicha fecha que los inquilinos de los demandantes usaban dicho callejón.

Bajo los hechos probados erró la corte inferior al declarar con lugar la demanda y en su consecuencia *procede revocar la sentencia apelada y dictarse otra desestimando la demanda con costas sin cubrir honorarios de abogado.*

El Juez Asociado Sr. Snyder no intervino.