TERESA MARTÍNEZ PACHECO, demandante y apelada, *v.*
LORENZO MARTÍNEZ, demandado y apelante.

Núm. 9475.—*Sometido:* Noviembre 12, 1947. *Resuelto:* Febrero 20, 1948.

*Francisco Vizcarrondo,* abogado del apelante; *Benigno Pacheco Tizol,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Alegando que desde abril 21 de 1943 es dueña y como tal estaba en posesión quieta y pacífica de un solar de 325 metros cuadrados, Teresa Martínez Pacheco radicó demanda de *injunction* para recobrar la posesión contra Lorenzo Martínez. En la demanda radicada el 13 de diciembre de 1945, la demandante alega que en diciembre 8 de 1945, encontrándose ella en posesión del solar, el demandado penetró en la finca violentamente, después de haber derribado la verja que separaba la casa de la demandante de la que ocupa el demandado; que éste construyó otra verja más adentro sobre el terreno de la demandante, ocupando así una faja de terreno que mide un metro cuarenta centímetros de frente por nueve metros y sesenta centímetros de fondo; que la demandante requirió al demandado para que desocupase dicha faja de terreno, negándose a ello el demandado; que la demandante carece de otro remedio legal adecuado y que

sufrirá daños irreparables de no concedérsele el injunction que solicita.

Contestó el demandado negando específicamente los hechos alegados en la demanda y alegando en contrario que la faja de terreno en controversia ha formado parte siempre del solar donde radica la casa del demandado; que desde que compró la propiedad, hace alrededor de dos años está en posesión de dicho terreno; que la demandante le ofreció comprar el terreno que hoy reclama; que nunca tomó posesión violentamente; y que si la demandante se considera con algún derecho, el remedio solicitado no es el procedente. Como defensas especiales alegó que la demanda no aduce hechos suficientes para constituir una buena causa de acción; que la finca que describe la demandante en su demanda con una cabida de 325 metros cuadrados sólo tiene 306 metros cuadrados, habiendo una diferencia de diecinueve metros cuadrados, la que es mayor que la superficie de la faja de terreno reclamada, la cual, según se describe, incluye un área de 13 metros y 44 decímetros cuadrados y que la demandante tuvo que ceder un pedazo de terreno en la parte del frente de su solar para la construcción de una calle y acera y ahora pretende compensar dicha pérdida con el terreno en el fondo del solar. Celebrada la vista, la corte a quo dictó sentencia declarando con lugar la demanda.

No conforme con esta sentencia, apeló el demandado imputando a la corte a quo la comisión de siete errores. El primero, segundo, tercero, quinto y séptimo los discutiremos conjuntamente porque versan sobre la misma materia, a saber, que cometió error la corte inferior al apreciar la prueba y concluir que la demandante estuvo en la posesión de la faja de terreno objeto de este caso, desde el 21 de abril de 1943.

La prueba ofrecida por la demandante tendió a demostrar, en síntesis, que ella ha estado en la posesión continua e ininterrumpida de la faja de terreno en cuestión desde el

21 de abril de 1943; que existía un murito de concreto en-
tre la finca de ella y la del demandado marcando la colindan-
cia; que el demandado destruyó dicho murito de concreto
el 8 de diciembre de 1945, penetrando y tomando posesión
violentamente de la faja de terreno; y que dicho terreno
forma parte de la finca de su propiedad. La ofrecida por el
demandado tendió a demostrar que la faja de terreno objeto
de esta acción ha sido siempre parte de su propiedad, te-
niendo siempre su posesión; que el murito de concreto no
estaba allí con el propósito de marcar la colindancia entre
su finca y la de la demandante sino porque sostenía el te-
rreno alto de la faja en controversia en evitación de la ero-
sión del mismo hacia el resto del terreno en declive; y que
destruyó el murito de concreto porque éste se había deterio-
rado en tal forma que no prestaba el servicio para el cual
fué construído. Negó que la demandante tuviese nunca la
posesión de la faja de terreno o que le perteneciese.

La corte a quo, dirimiendo el conflicto existente en la
prueba, resolvió que "resultando como resulta de la eviden-
cia que la demandante ha estado en posesión de la pequeña
parcela a que nos hemos referido, dentro de un año inmedia-
tamente a la radicación de la demanda, y que el demandado
la ha despojado de la misma, procede una sentencia decla-
rando con lugar la demanda." La prueba fué contradicto-
ria y el juez sentenciador dió entero crédito a aquélla ofre-
cida por la demandante. La actuación de la corte a quo
ajustándose a la prueba, de que la demandante estuvo en la
posesión material del terreno dentro del año anterior a la
radicación de la demanda, debe sostenerse cuando no se de-
muestra que al dirimir el conflicto en la prueba dicha corte
actuó movida por pasión, prejuicio o parcialidad o que co-
metió error manifiesto.

■■ En su cuarto señalamiento el apelante alega que
se cometió error "al no admitir como evidencia la certifica-
ción del registro de la propiedad ofrecida por el demandado,

en donde consta que la propiedad de la demandante mide alrededor de 309 metros cuadrados y no 325 metros cuadrados como alega en la demanda.''

El demandado, al ofrecer este documento en evidencia, se proponía demostrar que la demandante era propietaria, de acuerdo con dicha certificación, de una porción de terreno menor que la que se describió en la demanda. Si hubiese sido admitida, la corte a quo tenía que entrar a considerar el derecho de propiedad y los títulos de las partes. En un procedimiento de injunction para recobrar la posesión, no pueden discutirse cuestiones de título, solamente puede discutirse y resolverse el hecho de la posesión y no el derecho a la misma. *Fernández* v. *González,* 41 D.P.R. 726; *Manrique* v. *Alvarez,* 58 D.P.R. 74. Sobre este particular, en el caso de *Gómez* v. *López,* 55 D.P.R. 813, 819, dijimos lo siguiente:

"Claro es que siendo las cuestiones anteriormente indicadas las únicas a resolver dentro de un procedimiento de injunction para recobrar o retener la posesión, cualquier evidencia, así documental como oral, tendente a probar título o derecho de posesión en uno u otro litigante, es inadmisible, por irrelevante, pues es la determinación de la tenencia o posesión real como cuestión de hecho el único propósito de este procedimiento."

No se ha cometido el error señalado.

En su último señalamiento se queja el demandado de la resolución de la corte negando la inspección ocular por él solicitada.

La concesión de una inspección ocular dencansa en la sana discreción del tribunal, y a menos que se demuestre perjuicio sustancial, su resolución no será alterada por este Tribunal. *Jiménez* v. *Fletcher,* 67 D.P.R. 165.

*Procede confirmar la sentencia.*