Guillermo Franco, Rita González de Franco, Luis González, Félix González Ortiz y Dolores Alfonso, demandantes y apelantes, *v.* Guillermo Oppenheimer Salomón, demandado y apelado.

No. 4589.—*Sometido:* Feb. 7, 1929. *Resuelto:* Nov. 14, 1929.

*Arjona & Arjona,* abogados de los apelantes; *Pérez Marchand & Suliveres,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por los demandantes contra sentencia que declaró sin lugar su petición de *injunction* perpetuo por el fundamento de no aducir hechos determinantes de causa de acción para el procedimiento de *injunction.*

Los apelantes alegaron substancialmente en su petición que son dueños de cierta finca cuya descripción hicieron, a cuyo favor se halla constituída desde 1870 una servidumbre de acueducto o paso de agua para regadío que discurre con acequia abierta a través de varias fincas, siendo una de éstas un trozo de terreno de finca del demandado, la cual también fué descrita: que ninguno de los predios superiores a la finca del demandante y entre ellos la del demandado tiene

derecho a derivar agua de la acequia para fines de riego o regadío: que en varias fechas anteriores a la presentación de la petición y particularmente el primero de marzo de 1928 el demandado ha perturbado a los demandantes en la posesión y disfrute de esa servidumbre derivando y apropiándose agua de la misma para llenar depósitos de gran capacidad, destinándola al riego de dos piezas de cañas de azúcar: que esos actos del demandado causan a los demandantes daños irreparables y difíciles de justificar pecuniariamente, porque cualquiera cuantía en dinero sería insuficiente e inadecuada para remediar el daño sufrido por los demandantes: que carecen de remedio adecuado en ley para obtener su reparación: que el procedimiento de *injunction* en este caso evitará multiplicidad de pleitos: que el demandado se ha negado a cesar en la perturbación o despojo mencionado después de haberse comprometido a respetar la servidumbre, amenazando con continuar sin respetarla: y que el daño irreparable que recibirán los demandantes consiste en que estando la finca de los demandantes dedicada al cultivo de cañas dulces su cultivo se echaría a perder y la finca no podría dedicarse a esa clase de cultivo por falta de agua y su valor se reduciría tan considerablemente que una compensación pecuniaria no ofrecería adecuado remedio. Por esas alegaciones solicitaron del tribunal que de acuerdo con la ley de *injunction* dictase sentencia condenando al demandado a que se abstenga de derivar y apropiarse agua de la que discurre por ese acueducto conminándole con castigarlo por desacato si viola esa prohibición: a respetar permanentemente la servidumbre de acueducto que grava su finca: y a pagar las costas.

█ █ █ La sentencia que condenara al demandado en los términos interesados por el demandante tendría que estar fundada necesariamente en la declaración de la existencia de un derecho de servidumbre de acueducto a favor de los demandantes, obligatorio para el demandado, cuestión que no creemos propia para ser decidida en un procedimiento especial y rápido como el promovido cuando en la ley existe un

procedimiento ordinario cual es la acción confesoria de servidumbre que puede ejercitarse contra el que la niega y no la respeta con la correspondiente reclamación de indemnización de los perjuicios de la falta de respeto a la servidumbre que el obligado por ella pueda causar. El procedimiento de *injunction* es de equidad para cuando no existe remedio adecuado en la ley. La controversia en un procedimiento especial y rápido como el de *injunction* sobre la existencia de una servidumbre que no es respetada privaría a tal procedimiento de sus características particulares y lo convertiría en un juicio ordinario. El solo hecho de alegarse un perjuicio como irreparable no es suficiente para tener derecho al procedimiento de *injunction*, pues por regla general cuando el perjudicado tiene un remedio eficaz, completo y adecuado en la ley no puede decirse que exista un perjuicio irreparable, ni tampoco cuando por medio de una acción en ley puede obtenerse compensación en dinero por los daños sufridos, según hemos declarado en el caso de *Martínez* v. *Porto Rico Railway, Light & Power Co.,* 15 D.P.R. 725.

*Por las razones expuestas la sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino.