Núm. 8027.—Russell & Co., Sucrs., aplda. *v.* Grau, Vda. Olivieri, aplte.— 

██ Julio 18, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos errores señalados por la parte apelante en su alegato de 280 páginas, son:

"*Primer error:* La Corte de Distrito de Ponce cometió un grave error de derecho al declarar, como declaró, sin lugar la moción de la demandada apelante 'interesando la total eliminación de la demanda enmendada' radicada por Russell & Cía. en 16 de diciembre de 1937.

"*Segundo error:* La Corte de Distrito de Ponce cometió un grave error al declarar, como declaró, sin lugar la moción de la demandada apelante interesando la eliminación de ciertas partes 'de aquella demanda enmendada de 16 de diciembre de 1937.

"*Tercer error:* La Corte de Distrito de Ponce cometió grave error de derecho al declarar, como declaró, sin lugar la excepción previa de falta de causa de acción radicada por la demandada apelante contra la demanda enmendada de diciembre 16 del 1937.

"*Cuarto error:* La Corte de Distrito de Ponce cometió grave error de derecho al declarar, como declaró, sin lugar la excepción previa especial, de que 'varias acciones han sido indebidamente acumuladas en la demanda enmendada de Russell & Cía. de 16 de diciembre de 1937.'

"*Quinto error:* La referida corte de distrito cometió un grave error al declarar, como declaró, sin lugar la excepción previa especial de que 'de acuerdo con las alegaciones de la demanda enmendada de 16 de diciembre 1937', la Corte de Distrito de Ponce no tenía jurisdicción por razón de la materia.

"*Sexto error:* La Corte de Distrito de Ponce cometió un grave error de derecho al declarar, como declaró, sin lugar la excepción previa especial de la demandada apelante, de que aquella demanda enmendada de diciembre 16 del 1937 es ambigua, ininteligible y dudosa.

"*Séptimo error:* La Corte de Distrito de Ponce cometió un grave error, perjudicial a la demandada apelante, al negar como negó, a dicha parte el derecho de probar en el juicio que los alegados actos de posesión de Russell & Cía. eran y constituían, en toda verdad, meros actos de tolerancia que la demandada apelante había consentido a virtud de un contrato de arrendamiento formalizado entre dichas partes por una escritura pública de 4 de abril del 1916.

"*Octavo error:* La Corte de Distrito de Ponce fué parcial en el caso y cometió un grave error, altamente perjudicial a la demandada apelante, al negar, como negó a dicha parte el derecho de su día en corte, cuando impuso a la demandada apelante un 'injunction *pendente lite*' sin dar a la demandada apelante la oportunidad de ser oída, y a pesar de sus objeciones escritas y juradas sobre el particular.

"*Noveno error:* La Corte de Distrito de Ponce fué igualmente parcial y cometió un grave error de derecho, muy perjudicial a la demandada apelante, cuando, acto seguido negó a dicha parte el derecho a ser oída sobre una moción interesando que se citara a determinados empleados de la demandante apelada

para mostrar causa por actos contrarios a previas órdenes de aquel tribunal y para fijar el *'status quo'* de las partes hasta que el caso fuese definitivamente sometido para su decisión.

*"Décimo error:* La sentencia de la Corte de Distrito de Ponce en el caso de autos es contraria a derecho y no está sostenida por las alegaciones de la demanda enmendada de 16 de diciembre del 1937.

*"Undécimo error:* La sentencia de la Corte de Distrito de Ponce en el caso de autos es contraria a la ley, por razón de ser dicha sentencia incongruente, impropia y desproporcionada en derecho.''

POR CUANTO, la demandada fundó su moción ''interesando la total eliminación de la demanda enmendada'' en las razones siguientes:

''(*a*) Porque según la orden de esta Hon. Corte de 14 de diciembre de 1937, la demandante estaba limitada a corregir (supliendo sus eliminaciones) los párrafos tercero, séptimo y noveno de la demanda original; y, esto no obstante, la demandante, sin permiso de la corte, procedió a modificar el número y orden de sus alegaciones, cambió y sustituyó hechos y fechas, y por su nueva demanda ha planteado nuevos problemas legales que desvirtúan su primera causa de acción.

''(*b*) Porque toda vez que la demanda enmendada no se ha limitado a rectificar y suplir los extremos eliminados de los referidos párrafos tercero, séptimo y noveno de la demanda original, sino que se ha excedido de lo concedido por esta Hon. Corte en 14 de diciembre 1937, y en efecto es y constituye una nueva demanda, la demandada tendría que renovar y sustituir, a su vez, todas y cada una de sus alegaciones de defensa ya radicadas en secretaría de esta corte, para excepcionar y contestar en su orden correlativo y en su fondo la nueva demanda de la parte actora.''

POR CUANTO, la parte apelante en su alegato equivocadamente asume, sin demostrar, que la demanda enmendada constituye una nueva causa de acción que está prescrita y la corte de distrito no cometió error alguno al declarar sin lugar la moción eliminatoria.

POR CUANTO, tampoco existe el segundo de los supuestos errores apuntados y, en todo caso, no causó perjuicio a la demandada.

POR CUANTO, la teoría de la parte apelante en cuanto a su tercer señalamiento se desprende del siguiente extracto de su alegato:

''La demandada objeta que, dados los hechos expuestos por la demandante, no procede su pretensión de que se le otorgue o conceda el remedio extraordinario de interdicto, por aquello de que alega que 'carece de todo otro recurso rápido y eficaz en el curso ordinario de la ley', porque la acción que corresponde a la demandante es la acción ordinaria de confesión de servidumbre que le reservan la Ley especial de Aguas y el Código Civil.

''. . . . . .

''Se notará que la demandante pide la protección—no de la 'posesión real de una propiedad inmueble que en la demanda se describe', como nuestro estatuto exige, y sí de la posesión civil de un derecho de servidumbre de acueducto, una *cosa* que por tener tan sólo los contornos jurídicos originales de la Ley Civil

Española que hemos transcrito, al ser traída a nuestra jurisprudencia regional por la influencia de nuestro derecho histórico, requiere previa alegación de su existencia en derecho y prueba de su existencia material.

"....

"... afirmamos que, tratándose en el presente caso de la protección posesoria de una servidumbre de acueducto, que por ser incorpórea no es susceptible de posesión material o tenencia física, y sí solamente de una cuasi posesión, es el deber legal de la demandante, primeramente, alegar su clase o naturaleza, y luego probar en juicio que dicha servidumbre se funda en título de derecho civil.

"....

"... El magno error de la demandante estriba en considerar que el procedimiento posesorio del interdicto la libra de la alegación y prueba de la existencia de su alegada servidumbre.

"....

"... En Puerto Rico el interdicto posesorio jamás ha sido extendido en su radio de acción hasta cubrir la cuasi posesión de las servidumbres de acueducto, que se rigen por la Ley Especial Española de 1879, vigente en esta Isla desde abril 28 de 1886.

".... ."

Por CUANTO, una lectura de la opinión en el caso de *Franco* v. *Oppenheimer*, 40 D.P.R. 153, bastará para distinguir dicho caso, y—aparte de que sabido es que en el procedimiento de *injunction* posesorio no hay que alegar ni probar título alguno—la demandante en su demanda enmendada alega:

"4. Que la sociedad demandante, Russell & Co. Sucrs., ha estado durante el año, con anterioridad al 29 de noviembre de 1937, fecha en que se radicó la demanda original en este caso y actualmente está en la posesión material, control absoluto y disfrute de una servidumbre de acueducto para regar las plantaciones de cañas de las Haciendas Santa Rita y Fraternidad antes descritas y la cual servidumbre de acueducto consiste en un canal de mampostería con su compuerta y toma de agua del Río Susúa o Loco comenzando en el sitio denominado el Salto del Cacique en el dicho Río Susúa o Loco en el barrio Susúa Alta del Municipio de Yauco, extendiéndose dicho canal de norte hacia suroeste, cruzando la finca antes descrita de la cual ha estado en posesión durante el año anterior a la interposición de esta demanda y lo está actualmente la aquí demandada, cruza además otros predios hasta llegar a las dichas Haciendas Santa Rita y Fraternidad, teniendo el mismo un largo de doce mil quinientos pies más o menos; de ancho tiene dicho canal seis pies y de veintidós a veinticuatro pulgadas de profundidad. Dicho canal es de mampostería, en parte descubierto y en parte abovedado. La base de dicho canal está incrustada en el terreno en que se encuentra edificado y sobresale a la superficie visible en toda su extensión. Por dicho canal han venido discurriendo desde hace más de veinte años y discurren actualmente aguas del Río Loco para regar las plantaciones de cañas de las dichas Haciendas Santa Rita y Fraternidad antes descritas.''

POR CUANTO, los supuestos errores cuarto, quinto y sexto, tales como se discuten en el alegato del apelante, no merecen seria consideración.

POR CUANTO, no encontramos en las páginas del récord taquigráfico citadas por la parte apelante en relación con el séptimo señalamiento, que la corte de distrito haya negado a dicha parte el derecho de probar en el juicio, que los actos de posesión de Russell & Co. constituían meros actos de tolerancia que la demandada apelante había consentido a virtud de un contrato de arrendamiento formalizado entre dichas partes por una escritura pública de 4 de abril del año 1916.

POR CUANTO, en todo caso, el documento de abril 4, 1916, fué presentado por la demandante como prueba de impugnación y admitida por la corte, dándole así a la demandada la oportunidad que nunca le había sido negada de la manera indicada en el séptimo señalamiento y en el siguiente párrafo de su alegato:

"Ahora, bien, de haber podido el testigo declarar sobre aquellos extremos, la corte *a quo* hubiese tenido ante sí el discutido contrato y la demandada hubiese podido ofrecer testimonio de las circunstancias en que el mismo había sido otorgado; y de este modo hubiese podido precisar que la demandante, Russell & Co., se excedía en sus derechos y pretendía más de lo que la demandada tenía obligación de reconocerle, y, además, la corte sentenciadora, allí y entonces, hubiese podido fijar y decidir que los alegados actos de posesión eran no más que actos constitutivos de 'uso por tolerancia'."

POR CUANTO, los señalamientos octavo y noveno carecen de mérito.

POR CUANTO, según la constante jurisprudencia de este Tribunal, sería motivo suficiente para la confirmación de la sentencia apelada, o la desestimación del presente recurso, la vaguedad y generalidad de los términos en que están redactados los señalamientos décimo y undécimo, sin necesidad de examinar alrededor de cien páginas del argumento contenido en el alegato de la parte apelante para descubrir los verdaderos fundamentos de dichos señalamientos.

POR CUANTO, de una lectura de dicho argumento se desprende que, en tanto y en cuanto tiene algún mérito técnico y superficial, más bien que verdadero y sustancial, esto estriba en los siguientes hechos: (bastardillas nuestras).

(*a*) En el párrafo de la demanda referente a la carencia de todo otro recurso rápido y eficaz en el curso ordinario de la ley para hacer valer sus derechos, la demandante explica por qué "se acoge a la Ley núm. 43 de 1913, según enmendada por la Ley No. 11 de 1917, *para proteger su derecho de posesión sobre dicho canal.*"

(*b*) En la súplica de la demanda, la demandante solicita: "Un interdicto dirigido a la demandada, Ana Grau viuda de Olivieri, para que dicha demandada respete y no perturbe a la demandante, Russell & Co., Sucrs., *en su derecho de posesión real* de la servidumbre de acueducto *a que se refieren las alegaciones cuarta y quinta de esta demanda, y de cuya servidumbre está en posesión material* la demandante; y que se abstenga asimismo dicha demandada por sí y por medio de otras personas a sus órdenes, sus representantes, agentes, empleados o familiares, de perturbar a la demandante, Russell & Co., Sucrs., *en el ejercicio de su derecho de posesión real* de dicha servidumbre *y de entrada en su finca al Cacique y ocupar las márgenes de la parte de dicho canal descrito en la alegación quinta de la demanda para verificar reparaciones en el mismo.*"

.(*c*) La corte de distrito, siguiendo el lenguaje de la súplica ordenó y decretó: "Un interdicto o *injunction* dirigido a la demandada, Ana Grau viuda de Olivieri, ordenándole, como se le ordena, a dicha demandada que respete y no perturbe a la demandante, Russell & Co., Sucrs., *en su derecho de posesión real de la servidumbre de acueducto,* consistente en un canal de mampostería con su compuerta y toma de agua del Río Susúa o Loco, comenzando dicho acueducto en el sitio denominado El Salto del Cacique, en el río antes mencionado, en el Barrio Susúa Alta del Municipio de Yauco, Puerto Rico; extendiéndose dicho canal en dirección de norte hacia suroeste, cruzando la estancia denominada 'El Cacique', poseída por la demandada Ana Grau viuda de Olivieri (descrita en el apartado tercero de la demanda), cruzando otros predios de distintos dueños hasta llegar a las haciendas 'Santa Rita' y 'Fraternidad', poseídas por la demandante Russell & Co., Sucrs., (descrita en el apartado segundo de la demanda); estando descrito detallada y específicamente dicho canal en los apartados cuarto y quinto de la demanda. Y, por la presente, se ordena, especialmente, a la demandada, Ana Grau viuda de Olivieri, que se abstenga ella, por sí, o por medio de sus representantes, agentes, empleados o familiares, o por medio de otras personas a sus órdenes de perturbar a la demandante, Russell & Co., Sucrs., *en el ejercicio de su derecho de posesión real de dicha servidumbre de acueducto* y de impedir la entrada en su finca 'El Cacique'; a representantes, empleados, obreros o trabajadores de la demandante y de impedir la ocupación de las márgenes del referido canal, dentro de la finca 'El Cacique' de la demandada, para verificar la demandante reparaciones en dicho canal de riego y limpieza del mismo; apercibiéndose a la demandada de que la desobediencia al presente *injunction* constituirá desacato a esta corte."

POR CUANTO, el juez de distrito en su Relación del Caso y opinión dijo:

"La parte demandada ha afirmado repetidas veces en su alegato que:

" 'Tratándose en el presente caso de la protección posesoria de una servidumbre de acueducto, que por ser incorpórea es susceptible de posesión material o tenencia física y sí solamente de una cuasi-posesión, es el deber de la demandante, además de alegar su clase o naturaleza, el de probar en el juicio que dicha servidumbre se funda en título de derecho civil.'

"Si estuviera en lo cierto la parte demandada, su exigencia se habría cumplido plenamente en este caso; pues se ha probado en el juicio que ese canal de

riego, y el aprovechamiento de sus aguas por las haciendas 'Santa Rita' y 'Fraternidad', existen, ininterrumpidamente, por un período de más de veinte años.

"La servidumbre de acueducto pertenece a la clase de las continuas y aparentes y, de acuerdo con el artículo 473 del Código Civil (ed. 1930), se adquiere por la prescripción de veinte años.

"El Tribunal Supremo de España, en sentencia de 17 de noviembre de 1903, resolvió lo siguiente:

"'La posesión continuada por veinte años de. aprovechamiento de aguas públicas sin oposición de autoridad o de tercero, aunque no se acredite la autorización correspondiente, se convierte en título de dominio.'

"Pero, entendemos, que en el presente caso se trata solamente de un interdicto para retener la posesión en que se encuentra la demandante o impedir que se le perturbe en dicha posesión.

"La Ley Núm. 43 de 1913, tal como quedó enmendada por la Ley Núm. 11 de 1917, estableció los *injunctions* o interdictos para recobrar o retener la posesión de propiedad inmueble. Y la Corte Suprema de Puerto Rico ha interpretado y fijado la naturaleza, procedimiento y alcance de tales interdictos, de manera tan clara y precisa, que ya no es posible apartarse de las normas establecidas por nuestro más alto Tribunal en Puerto Rico.

"En el caso de *Fernández Reyes* v. *González*, 41 D.P.R. 727, la Corte Suprema reafirmó su doctrina, constantemente sostenida, con estas palabras:

"'En el procedimiento de *injunction* para recobrar la posesión material perdida por actos de otro, que es el interdicto para recobrar la posesión de nuestra anterior ley procesal, sólo hay que alegar, probar y resolver cuestiones de hecho, a saber: si el demandante dentro del año precedente a la presentación de la demanda estaba en posesión de la propiedad que en la demanda se describe y si ha sido perturbado o despojado de ella por el demandado. En ese procedimiento no se puede discutir, probar ni resolver si el demandante tiene o no derecho a tal posesión, porque es cuestión propia para juicios ordinarios'. (*Oliver Cuveljé* v. *González*, 37 D.P.R. 942; *Vicente* v. *Ortiz*, 38 D.P.R. 106; *Echevarría* v. *Saurí*, 38 D.P.R. 737.)''

POR CUANTO, el párrafo de la demanda a que hemos aludido últimamente y las palabras de la súplica referentes *"al derecho de posesión real"* deben interpretarse en relación con su contexto y las otras alegaciones de la demanda y las palabras de la sentencia referentes a tal *derecho de posesión real* deben también interpretarse en relación con su contexto y a la luz de todas las alegaciones de la demanda y a la luz de lo que hemos copiado de la Relación del Caso y opinión del juez de distrito.

POR CUANTO, así interpretadas, no cabe duda en cuanto al alcance y significado de la sentencia apelada y el único resultado posible de una vista del caso en su fondo sería, a lo sumo, una modificación de dicha sentencia para aclarar lo que ya está bastante claro y disipar cualquier duda posible que prácticamente no existe.

Por tanto, vista la moción que antecede con la sola asistencia de la parte apelada, examinados el alegato de la parte apelante y un memorándum de la parte promovente, se declara con lugar la referida moción y se desestima como frívola la apelación interpuesta contra la sentencia que dictó la Corte de Distrito de Ponce en junio 29, 1938.

El Juez Asociado Sr. De Jesús no intervino.