RUSSELL & Co., SUCRS., Plaintiff and Appellee, *v.* HIGINIO PADRÓN FORTIER ET AL., Defendants and Appellants.

No. 8586. Argued February 23, 1943.—Decided April 7, 1943.

*R. V. Pérez Marchand* for appellants. *F. Manuel Toro* and *Leopoldo Tormes García* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The district court held in the instant case that the plaintiff had title by prescription in favor of two of its farms of a servitude of aqueduct consisting of a concrete irrigation canal which was six feet wide and 22 to 24 inches high. This canal, known as Canal del Cacique, ran through 2,061 feet of the defendants' farm and was visible throughout its extension.

All the contentions raised on appeal by the defendants are frivolous. Such matters as an alleged new intake of water for the canal and the alleged lack of an exclusive property right in the plaintiff to the waters flowing through the canal are wholly foreign to this suit. The lower court erred in denying the motion of the plaintiff to strike the allegations referring to these matters from the answer of the defendants, and therefore acted properly in giving no weight to the testimony on these matters after the case was tried on the merits. Such matters were not relevant to the only real issue properly before the court; namely, whether the plaintiff had title to the servitude which it was claiming.

It was abundantly established at the trial that the canal in question has been in existence since 1846, and that the plaintiff and its predecessors have been using it as a servitude of aqueduct crossing the defendants' farm since that time. The fact that the said servitude was never registered as an encumbrance on the defendants' farm is of no consequence. This is a positive, continuous, and apparent servitude (§497, Civil Code; 28 *Enciclopedia Jurídica Española* 667), the existence of which is manifested by indubitably visible signs (*signos ostensibles e indubitados*). Such a servitude is acquired by user for twenty years. *Alvarez* v. *Municipality*, 43 P.R.R. 498, 502, 5; *Colón* v. *Plazuela Sugar Co.*, 47 P.R.R. 827, 831 *et seq.*, especially at p. 835; *Stella* v. *Blasini*, 61 P.R.R. 360. Here, as we have seen, such a user has been established for almost a century. Although

the validity thereof was not directly involved, this court has already had occasion in *Russell & Co., Sucrs.* v. *Grau vda. Olivieri*, 57 *D.P.R.* 989 (*per curiam*) to recognize the existence of the servitude involved herein.

■ There are other contentions by the defendants which are little short of absurd. The defendants claim, for example, that the lower court erred in holding that certain specified exhibits were sufficient on which to base its judgment for the plaintiff. But the lower court very clearly based its judgment on the testimony as a whole. And even the defendants do not contend that the record as a whole does not warrant judgment for the plaintiff. Likewise, the contention that the court erred in failing to transcribe the prayer of the defendants' answer in its opinion in view of the fact that the court did transcribe therein the prayer of the plaintiff, need only be stated to dispose of it.

■ The other errors assigned are equally trivial. The contentions that the plaintiff did not establish its juridical personality; that the lower court erred because it held that no irrigation community was proved by the defendants; and that the lower court erred in not determining on which of the causes of action alleged by the plaintiff the right to the servitude was based—inasmuch as the complaint set up and the proof established only one cause of action based on prescription—likewise warrant no discussion by this Court.

■ There was no error in admitting as an exhibit an admission made by one of the defendants in a suit between the plaintiff and a third party (*Russell & Co., Sucrs.* v. *Grau vda. Olivieri, supra*) that the canal in question belonged to the plaintiff, and that he had been observing the canal since he was born, sixty-three years ago. *Morales* v. *Ceide*, 51 P.R.R. 25, 33.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.