Russell & Co., Sucrs., demandante y apelada, v. Higinio Padrón Fortier et als., demandados y apelantes.

Núm. 8586.—*Sometido:* Febrero 23, 1943. *Resuelto:* Abril 7, 1943.

R. V. Pérez Marchand, abogado de los apelantes; F. Manuel Toro y Leopoldo Tormes García, abogados de la apelada.

El Juez Asociado. Señor Snyder emitió la opinión del tribunal.

En el presente caso la corte de distrito resolvió que la demandante había adquirido título por prescripción a favor de dos de sus fincas, de una servidumbre de acueducto consistente de un canal de riego construído de mampostería que medía 6 pies de ancho y de 22 a 24 pulgadas de alto. Este canal, conocido como el Canal del Cacique, corría a través de la finca de los demandados en una extensión de 2,061 pies y era visible en toda su extensión.

■ Todas las contenciones levantadas por los demandados en apelación son frívolas. Tales cuestiones como una alegada toma nueva de agua para el canal y la alegada falta de un derecho de propiedad exclusivo de la demandante sobre las aguas que discurren por el canal son enteramente extrañas a este pleito. La corte inferior cometió error al declarar sin lugar la moción de la demandante para que se eliminaran de la contestación de los demandados las alegaciones referentes a estas cuestiones, y por tanto actuó correctamente al no darle peso al testimonio sobre estas cuestiones, después de haberse celebrado el juicio en sus méritos. Tales cuestiones no eran relevantes a la única verdadera cuestión en controversia que estaba propiamente ante la corte; a saber, si la demandante tenía título a la servidumbre que reclamaba.

■ Se estableció claramente durante el juicio que el canal en cuestión ha existido desde el 1846, y que la demandante y sus predecesores lo han venido usando desde dicha fecha como una servidumbre de acueducto que atraviesa la finca de los demandados. El hecho de que tal servidumbre nunca se inscribió como un gravamen sobre la finca de los demandados no tiene importancia. Esta es una servidumbre positiva, continua y aparente (art. 497, Código Civil; 28 Enciclopedia Jurídica Española 667), la existencia de la cual se manifiesta mediante signos ostensibles e indubitados. Tal servidumbre se adquiere mediante el uso durante veinte años.

*Alvarez* v. *Municipio*, 43 D.P.R. 521, 525, 8; *Colón* v. *Plazuel* *Sugar Co.*, 47 D.P.R. 871, 874 y siguientes, especialmente las páginas 878, 9; *Stella* v. *Blasini, etc., et als.*, ante, pág 372. Aquí, como hemos visto se ha probado tal uso por cas un siglo. Aunque su validez no estaba envuelta directamente esta corte ya tuvo ocasión en el caso de *Russell & Co., Sucrs* v. *Grau Vda. Olivieri*, 57 D.P.R. 989 (per curiam) de reco nocer la existencia de la servidumbre envuelta en este caso.

Existen otras contenciones de los demandados que no están muy lejos de ser absurdas. Los demandados alegan, por ejemplo, que la corte inferior cometió error al resolver que ciertos *exhibits* que se especifican eran suficientes para basar en ellos su sentencia a favor de la demandante. Pero la corte inferior muy claramente basó su sentencia en toda la evidencia ofrecida. Y aun los demandados no alegan que el récord en total no justifica una sentencia a favor de la demandante. De igual manera, la contención de que la corte cometió error al no transcribir en su opinión la súplica de la contestación de los demandados en vista del hecho de que la corte transcribió en dicho documento la súplica de la demandante, sólo necesita ser expuesta para disponer de ella.

Los otros errores señalados son igualmente triviales. Las contenciones de que la demandante no estableció su personalidad jurídica; qué la corte inferior cometió error porque resolvió que los demandados no probaron una comunidad de regantes; y que la corte inferior cometió error al no determinar en cuál de las dos causas de acción alegadas por la demandante se basaba el derecho de servidumbre—toda vez que la demanda alegó y la prueba estableció solamente una causa de acción basada en prescripción—igualmente no justifican una discusión por esta Corte.

No hubo error al admitirse como un exhibit una admisión hecha por uno de los demandados en un caso entre la demandante y un tercero (*Russell & Co., Sucrs.* v. *Grau vda. Olivieri*, supra), al efecto de que el canal en cuestión

pertenecía a la demandante y de que él había venido observando el canal desde que nació, hacía sesenta y tres años. *Morales* v. *Ceide*, 51 D.P.R. 27, 34, 5.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.