Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI (ESPECIAL)[1]

| | | |
|---|---|---|
| LAUREN SLADE<br><br>*Apelante*<br><br>v.<br><br>HÉCTOR CARRIÓN Y OTROS<br><br>*Apelados* | KLAN202300869 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: LM2022CV00011 (206)<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente); Acción de Deslinde y otros |

Panel integrado por su presidente, el Juez Rivera Colón[2], la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparece ante nos la señora Lauren Slade (señora Slade o apelante) mediante recurso de *Apelación* y nos solicita que revoquemos la *Sentencia Parcial* emitida el 16 de marzo de 2022, notificada el 16 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario). Mediante el aludido dictamen, el foro primario desestimó la demanda de *Injunction* Preliminar instada por la apelante.

Por los fundamentos expuestos a continuación, **confirmamos** la *Sentencia Parcial* apelada.

**I.**

El 14 de marzo de 2022, la apelante presentó *Demanda* sobre interdicto preliminar, deslinde, amojonamiento, daños y perjuicios

---

[1] El caso de epígrafe se asigna a este Panel Especial conforme a la Orden Administrativa OAJP-2021-086, emitida el 4 de noviembre de 2021, con efectividad a partir del 10 de enero de 2022.
[2] Mediante la Orden Administrativa OATA-2023-173, emitida el 29 de septiembre de 2023, se designó al Hon. Felipe Rivera Colón en sustitución de la Hon. Olga E. Birriel Cardona, quien dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.

y cobro de dinero contra el señor Héctor Carrión, su cónyuge, la señora Annette Tomey y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, apelados). En esta, alegó ser dueña de una propiedad en el municipio de Las Marías, la cual consta inscrita al Folio 95 del Tomo 16 de Hormigueros, Registro de la Propiedad de Mayagüez. Arguyó que los apelados invadieron el terreno de su propiedad, removieron árboles, realizaron movimientos de terreno y habían acampado en el mismo. También, señaló que los apelados realizaron un camino sin su autorización y cerraron el mismo con un portón. Por tanto, solicitó que se les ordenara a los apelados remover las cadenas que impiden el acceso al camino; que cesaran la práctica de la tala de árboles, movimiento de terreno y utilización de este para *camping*; que removieran la cisterna; y que se les impusiera daños y perjuicios, además de las costas y gastos del litigio.

Así las cosas, y luego de varios trámites procesales, el 16 de marzo de 2022, notificada el 16 de mayo de 2023[3], el TPI emitió *Sentencia Parcial* en la que desestimó la causa de acción de *Injunction* Preliminar presentada por la apelante, por entender que no existe un daño irreparable. Asimismo, ordenó la continuación del pleito por la vía ordinaria.

En desacuerdo con la determinación, el 25 de mayo de 2023, la apelante presentó *Moción de Reconsideración.* Por su parte, el 28 de julio de 2023, los apelados, sin someterse a la jurisdicción, presentaron *Oposición a Moción de Reconsideración, Moción In Limine y Solicitud de Orden.* El 24 de agosto de 2023, notificada el

---

[3] Es preciso señalar que, el 24 de agosto de 2022, este Tribunal de Apelaciones emitió y notificó una *Sentencia* en la que desestimó el recurso de Apelación KLAN202200367 instado el 18 de mayo de 2022 por la señora Slade por falta de jurisdicción, toda vez que el dictamen del TPI no fue debidamente notificado a los apelados, pues al momento de emitirse no se había adquirido jurisdicción sobre su persona y no eran parte del pleito. En consecuencia, el foro primario cumplió con el mandato de este Tribunal y el 16 de mayo de 2023 procedió a notificar la *Sentencia Parcial* a todas las partes.

29 del mismo mes y año, el foro primario emitió *Resolución y Orden* en la que declaró No Ha Lugar la moción de reconsideración y ordenó la continuación del trámite ordinario del pleito.

Inconforme aún, el 28 de septiembre de 2023, la apelante presentó el recurso de epígrafe y esbozó los siguientes señalamientos de error:

> Primer error: Erró el TPI al desestimar, *motu proprio* y sin celebración de vista alguna, la reclamación de "injunction" preliminar de la demanda por la Sra. Slade alegadamente tener un remedio adecuado en ley para resarcir su reclamo.

> Segundo error: Erró el TPI al declarar No Ha Lugar la Reconsideración.

El 2 de octubre de 2023, emitimos una *Resolución* concediendo a la parte apelada un término de treinta (30) días para exponer su posición. En cumplimiento con lo ordenado, el 30 de octubre de 2023, los apelados, sin someterse a la jurisdicción, presentaron *Oposición a Apelación*. En síntesis, arguyeron que el foro primario actuó correctamente al desestimar el recurso presentado por la apelante porque existen otros recursos ordinarios para atender el mismo y los alegados daños reclamados no son irreparables.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

## II.

### -A-

La Regla 57 de Procedimiento Civil[4], y los Artículos 675 y 687 del Código de Enjuiciamiento Civil[5], son las disposiciones de ley que regulan en nuestro ordenamiento el recurso de *injunction.*

El Artículo 675 del Código de Enjuiciamiento Civil define el *injunction* como "un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para

---

[4] 32 LPRA Ap. V, R. 57.
[5] 32 LPRA secs. 3521 *et seq.*

que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra"[6].

El *injunction* preliminar va dirigido a requerir o prohibir hacer determinado acto, con el objetivo de impedir que se causen perjuicios inminentes o menoscabos irreparables a alguna persona durante la pendencia del pleito. Por lo tanto, el factor cardinal que gobierna la expedición de este remedio extraordinario es la existencia de una amenaza real de sufrir algún menoscabo para el cual no existe un remedio adecuado en ley[7].

Al decidir si expide una orden de *injunction* preliminar, el tribunal deberá considerar: (1) la naturaleza de los daños que puedan ocasionársele a las partes de concederse o negarse el recurso; (2) la irreparabilidad del daño o la existencia de un remedio adecuado en ley; (3) la probabilidad de que eventualmente la parte promovente prevalezca al resolverse el litigio en su fondo; (4) la probabilidad de que la causa se torne en académica de no concederse el *injunction*; (5) el posible impacto sobre el interés público del remedio que se solicita; y (6) la diligencia y la buena fe con que ha obrado la parte peticionaria[8].

**-B-**

El Artículo 741 del Código Civil de Puerto Rico, dispone que el derecho de propiedad conlleva las facultades de gozar, disponer y accionar para recuperar la cosa objeto de propiedad[9]. Este precepto establece que un propietario tiene disponible una "acción contra el tenedor y el poseedor de la cosa para reivindicarla"[10]. Esta facultad para recuperar la propiedad surge del derecho que tiene un

---

[6] 32 LPRA sec. 3521.
[7] *Next Step Medical v. Bromedicon et al.,* 190 DPR 474, 486 (2014).
[8] *Íd.* pág. 487.
[9] 31 LPRA sec. 7951.
[10] *Íd.*

propietario de excluir a terceros para que no interfieran con el uso, disfrute o disposición del objeto de su derecho[11].

Para que prospere una demanda en reivindicación se debe establecer: (1) que el demandante tiene un derecho de propiedad sobre la cosa que reclama; (2) que la acción se dirija contra quien tenga la cosa en su posesión; (3) que el demandado no pueda oponer ningún derecho que justifique su pretensión de retener la cosa frente al propietario; y (4) que se identifique, de manera precisa y clara, la cosa que se reivindique[12].

El demandante viene obligado a probar su título y no puede descansar únicamente en los vicios que tenga el título del demandado[13]. Cumplido esto, corresponde al demandado señalar y probar su mejor título[14].

Si el poseedor cuenta a su favor con cualquier título legítimo para seguir poseyendo la cosa, así se derive de un derecho real limitado o de cualquier otra circunstancia, la acción reivindicatoria pierde su sentido[15]. Por tanto, para que prospere la acción reivindicatoria, la situación posesoria del demandado debe ser infundada, carente de título en sentido material que justifique la posesión.

**-C-**

El deslinde es una de las acciones protectoras del derecho de propiedad. El Código Civil de Puerto Rico define este concepto como la operación mediante la cual se establecen los límites materiales de una finca que están confundidos[16]. Como ha señalado el Tribunal Supremo de Puerto Rico, esta acción tiene la finalidad de

---

[11] *Soc. Gananciales v. G. Padín Co., Inc.,* 117 DPR 94 (1986); J. Puig Brutau, *Compendio de Derecho Civil,* Vol. III, Ed. Bosch, Barcelona, 1989, pág. 44.

[12] 31 LPRA sec. 8102; J. Puig Brutau, *op. cit.*, págs. 46-47.

[13] *Ramírez Quiñones v. Soto Padilla, supra*; *Castrillo v. Maldonado,* 95 DPR 885, 891-892 (1968); *Meléndez v. Almodóvar,* 70 DPR 527, 532 (1949).

[14] *Ramírez Quiñones v. Soto Padilla, supra*; *Arce v. Díaz, supra,* págs. 628-629.

[15] Carlos Lasarte, *Propiedad y Derechos Reales de Goce: Principios de Derecho Civil IV,* Marcial Pons, Madrid, 2010, pág. 137.

[16] Art. 829 del Código Civil, 31 LPRA sec. 8132.

individualizar los inmuebles en cuestión, sin determinar directamente quién es el dueño[17]. Por tanto, en el deslinde no se demanda una cosa cierta y determinada que como propietarios les pertenece, sino que, precisamente por la indeterminación de la propiedad debido a la confusión con la propiedad colindante, se reclama la fijación de señales que la delimiten[18]. En otras palabras, en esta operación no se discute la validez ni la eficacia de los títulos, sino que solo se dirime su interpretación[19]. Así pues, la sentencia que se dicta no da ni quita derechos[20].

**-D-**

El Artículo 1536 del Código Civil de Puerto Rico, dispone que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo"[21]. Asimismo, nuestro ordenamiento jurídico establece que "[l]a imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización en proporción al grado de tal imprudencia.[22]"

El Tribunal Supremo ha establecido que "la culpa o negligencia es la falta del debido cuidado que consiste esencialmente en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente y razonable habría de prever en las mismas circunstancias"[23].

**III.**

Por estar estrechamente relacionados, procedemos a discutir de forma conjunta el primer y segundo señalamiento de error. En esencia, alega la apelante que erró el TPI al desestimar *motu proprio* y sin vista la solicitud de *Injunction* Preliminar bajo el fundamento

---

[17] *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 159 (2006).
[18] *Zalduondo v. Méndez*, 74 DPR 637, 641–642 (1953).
[19] *Íd.*
[20] *Zayas v. Autoridad de Tierras de P.R.,* 73 DPR 897, 901 (1952).
[21] Art. 1536 del Código Civil, 31 LPRA sec. 10801.
[22] Art. 1545 del Código Civil, 31 LPRA sec. 10810.
[23] *Cruz Flores v Hospital Ryder,* 210 DPR 465 (2022); *Valle v. E.L.A.*, 157 DPR 1 (2002).

de que el daño alegado no es uno irreparable y que tiene un remedio adecuado en ley. Considera la apelante que los daños sufridos están relacionados a la privación de su derecho constitucional al uso y disfrute de su propiedad. Veamos.

El Tribunal Supremo de Puerto Rico ha sido enfático al requerir primordialmente que antes de expedir el *injunction*, ya sea preliminar o permanente, los tribunales consideren la existencia de algún otro remedio eficaz, completo y adecuado en ley. De existir, entonces no se considerará el daño como irreparable[24].

En el caso de autos, el foro primario emitió una *Sentencia Parcial* en la que determinó lo siguiente:

> [L]a parte demandante claramente reclama una acción reivindicatoria, daños y perjuicios, deslinde y amojonamiento de su propiedad. Alegando además, ciertas acciones de alteración a la paz y amenaza de parte del demandado que pueden resolverse presentando una querella por el cause criminal ante la Policía de Puerto Rico. De igual forma, aquellas relacionadas al movimiento de terreno y la deforestación pueden tramitarse a través de una querella ante del Departamento de Recursos Naturales y Ambientales agotando el remedio administrativo dirigido a estos fines. **Todas las acciones presentadas por la parte demandante tienen un remedio adecuado en ley dispuesto por el legislador en nuestro Código Civil vigente.** De un análisis de la jurisprudencia interpretativa sobre el tema de los daños irreparables, podemos observar **no surge de las alegaciones un daño irreparable y/o que no pueda resarcirse con una acción ordinaria de daños y perjuicios según definida en nuestro ordenamiento** y la jurisprudencia interpretativa. Por tanto, la parte demandante no cumple con este estándar para que proceda un remedio como lo es el Injunction. Los asuntos traídos en esta demanda son controversias que surgen por problemas de colindancias, una acción reivindicatoria, deslinde y amojonamiento. Estas son controversias que se deben resolver en el proceso ordinario, y no mediante la presentación de un recurso extraordinario[25]. (Énfasis nuestro).

Tras examinar las alegaciones de la *Demanda* y la *Sentencia Parcial* apelada, en conjunto con los requisitos dispuestos en la Regla 57.3 de las de Procedimiento Civil[26] y la jurisprudencia previamente citada, colegimos que el TPI no erró al desestimar de

---

[24] *Pérez Vda. Muñiz v. Criado,* 155 DPR 355 (2000), citando a *A.P.P.R. v. Tribunal Superior,* 103 DPR 903 (1975); *Franco v. Oppenheimer,* 40 DPR 153 (1929); *Martínez v. P.R. Ry. Light & Power Co.,* 18 DPR 725 (1912).
[25] Véase apéndice del recurso de *Apelación,* pág. 22.
[26] 32 LPRA Ap. V, R. 57.1.

plano la petición de *injunction* preliminar. De la demanda presentada por la señora Slade, encontramos que este es el tipo de situación en la que procede denegar el recurso de *injunction* preliminar sin vista a base de las meras alegaciones de la apelante. Pues, coincidimos con el foro recurrido en que existen otros remedios adecuados en ley para dilucidar la controversia de autos.

Por otro lado, la concesión de un *injunction* descansa en el ejercicio de una sana discreción judicial que se ejercerá ponderando las necesidades y los intereses de todas las partes involucradas en la controversia[27]. Reconocemos que de ordinario el ejercicio de las facultades discrecionales por el foro de primera instancia merece nuestra deferencia. Como corolario de lo anterior, sólo intervendremos con el ejercicio de dicha discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo[28].

En el contexto de esa doctrina, este foro apelativo no intervendrá con la discreción judicial. En el presente caso, la apelante no demostró que el TPI incurriera en "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial"[29]. Todo lo contrario, de la Sentencia Parcial apelada se desprende que el foro primario estudió las alegaciones y remedios solicitados en la Demanda y los contrapuso con el análisis jurisprudencial establecido por el

---

[27] *Mun. de Ponce v. Gobernador*, 136 DPR 776, 790-791 (1994).
[28] *Rivera Durán v. Banco Popular*, 152 DPR 140 (2000).
[29] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Tribunal Supremo llegando a la conclusión inequívoca que procede la desestimación del *Injunction.*

Por tanto, determinamos que el TPI emitió un dictamen razonable y conforme a la normativa jurídica aplicable. Ante ello, nos es forzoso concluir que los errores alegados por la señora Slade no se cometieron y, en consecuencia, procede confirmar la *Sentencia Parcial* apelada.

## IV.

Por los fundamentos expuestos, **confirmamos** la *Sentencia Parcial* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones